### AUGUST KOEPER v. TOWN OF LOUISVILLE.[1]

December 24, 1908.

Nos. 15,831—(165).

**Parties to Action.**

The supervisors are not necessary parties defendant in an action to enjoin the township from maintaining a ditch to the damage of property owners.

**"Unreasonable" Sufficiently Pleaded.**

The charge in a complaint that the township wilfully, intentionally, and carelessly cut and maintained a ditch, to the damage of a property owner, is equivalent to charging that it was unreasonably done.

Action in the district court for Scott county to restrain defendant town from allowing an overflow of water from a certain meandered lake within the town, and requiring it to close "a hole into and through the north bank of said O'Dowd's lake in said highway several feet below the surface of said lake whereby" water was allowed to flow out of said lake, and for $1,000 damages. Defendant demurred to the complaint on the ground of defect of parties defendant in not joining the board of supervisors and the road builder of the town, and the county superintendent of highways, and on the further ground

1 Reported in 118 N. W. 1025.

that it did not state a cause of action. From an order, Morrison, J., overruling the demurrer, defendant appealed. Affirmed.

*F. J. Leonard,* for appellant.

*H. J. Peck* and *James McHale,* for respondent.

LEWIS, J.

The object of this action was to enjoin the township of Louisville from draining a lake and casting the waters upon respondent's land, to his damage. The complaint alleges that the township, by its board of supervisors, acting in that capacity for the township, "in an effort to improve the highway in said township, * * * wilfully, intentionally, maliciously and carelessly, without any regard to the rights of the landowners lying north of said lake, cut and dug a hole into and through the north bank of said * * * lake, * * * whereby and by reason whereof the waters of said lake were allowed and caused to escape in large quantities," to the injury of respondent. The township demurred to the complaint upon the ground that there was a defect of parties defendant, and upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

1. Upon the first question it is only necessary to say that a township is a body corporate, and may be sued in its corporate capacity; that it can only act through its representatives, and the town board of supervisors have general care and supervision of all roads. Hence the supervisors, within the scope of their authority, were acting for the township, and it was not necessary to make them parties to the action.

2. If, in their effort to improve the highways of the town, the supervisors resorted to an unreasonable and unnecessary method of perfecting the drainage, and thereby unnecessarily caused injuries to the respondent's land, then the town must respond in damages. The charge of negligence does not include the word "unreasonable," but it is implied in what is charged. Wilfully, intentionally, and carelessly performing an act is equivalent to saying that it was unreasonably done.

Affirmed.