JOSEPH SWICK v. ANNA S. SHERIDAN.[1]

February 11, 1909.

Nos. 15,973—(198).

**Guardian of Incompetent—Evidence.**

In proceedings for the appointment of a guardian of a person alleged to be incompetent to manage his affairs, it is *held* that the evidence supports the conclusion of the trial court that the person was, by reason of the infirmities of old age, incompetent to have the charge and management of his property, and that his interests required the appointment of a guardian.

**Appeal from Probate Court—Findings.**

Where an appeal from probate court involves the trial of issues of fact, the trial court should make findings of fact and conclusions of law as in ordinary civil actions.

**Refusal to Make Findings.**

The refusal of the court to make such findings *held* not prejudicial in this particular case.

[1] Reported in 119 N. W. 791.

**Exclusion of Evidence.**

Rulings of court in excluding certain non-expert opinion evidence relative to the mental condition of appellant *held* not reversible error.

A petition for the appointment of a guardian of the person and estate of Joseph Swick, an incompetent, having been granted in the probate court, Joseph Swick appealed to the district court for Hennepin county which affirmed the appointment. From an order, Holt, J., denying appellant's motion for a new trial, he appealed. Affirmed.

*Wm. H. Donahue* and *Charles G. Laybourn,* for appellant.

*Arthur W Selover* and *N. D. Bessessen,* for respondent.

BROWN, J.

Petition in due form was presented to the probate court of Hennepin county, under section 3826, R. L. 1905, for the appointment of a guardian of the person and property of Joseph Swick, on the ground that he was mentally incompetent to care for and manage his affairs. After hearing in that court a guardian was duly appointed by proper order, from which an appeal was taken to the district court. The matter came on for trial in that court, and was heard without a jury. No pleadings were made up, and the sole question litigated was the mental competency of Swick. After full hearing and trial the district court made an order affirming the order of the probate court. Thereafter Swick's counsel moved for specific findings of fact and conclusions of law, which motion the court denied. Swick then applied for a new trial on the grounds (1) that the evidence was insufficient to justify the conclusion of incompetency on the part of Swick, and (2) errors in law occurring at the trial. The assignments of error challenge certain rulings of the court in the admission and exclusion of evidence, the refusal of the court to make findings of fact and conclusions of law as in ordinary actions, and the sufficiency of the evidence to justify the conclusion that Swick was incompetent to manage his property affairs.

1. An examination of the rulings on the admission and exclusion of evidence discloses no reversible error. The nonexpert witnesses called by the appellant on the subject of his mental capacity were permitted to express, after stating the facts within their knowledge, their opinion as to the soundness of his mind, but were not permitted to say whether, in their judgment, he was likely recklessly to dispose of and waste, or

whether he was in suitable condition to have the management of, his property. While some of the questions along this line, perhaps, might properly have been admitted, others were not based upon disclosed facts, and called for conclusions of the witnesses upon the question which the court was required to determine. The witnesses detailed fully their knowledge of the character and habits of the appellant, their business and other relations with him, and were of the opinion that his mind was clear. This was as far as they were entitled to go. 12 Am. & Eng. Enc. (2d Ed.) 488.

2. The other two questions, namely, whether findings of fact should have been made as in ordinary civil actions, and whether the evidence justifies the conclusion that appellant is incompetent to have the charge of his property and affairs, require no extended discussion. The evidence is voluminous, and lays open to view the life and character of appellant for a considerable time in the past and the immediate present. He has accumulated considerable property, is over eighty years of age, and the facts disclosed were amply sufficient to justify the trial court in concluding that his interests and the protection of his property from waste and the greed of others required the appointment of a guardian to look after his affairs. It would serve no useful purpose to discuss the evidence at length. It is sufficient to say that we have read the record with care, with the result stated.

3. Our statutes are not definite upon the question whether findings of fact should be made on the trial of all appeals from the probate court. It is clear, under section 3878, where the appeal involves the allowance or disallowance of a claim against the estate, which requires pleadings to be made up in the district court, that such should be the procedure. Turner v. Fryberger, 99 Minn. 236, 108 N. W. 1118, 109 N. W. 229. But we find no requirement for pleadings in any other case. And though section 3877 provides that such appeals, when entered on the calendar in the district court, "shall be tried and determined in the same manner as if originally commenced in such court," section 3879 provides that, when the judgment, order, or decree appealed from is sustained on the merits, the district court shall enter a judgment affirming the decision of the probate court. The first provision would seem to indicate that the usual practice and procedure applicable generally to trials in the district court should be followed, while

the latter leaves the impression that the entry of a judgment of affirmance is all that is required. Of course, if the trial of the appeal is to proceed as though the action were originally commenced in the district court, as required by section 3877, findings are necessary in all cases where issues of fact are involved; and, though the statutes are not clear, we give effect to the provisions of section 3877, and hold that in all cases where issues of fact are presented findings of fact and conclusions of law should be made.

But in this particular case appellant was in no way prejudiced by the refusal of the court to make findings. There was but a single question of fact before the court, namely, the mental condition of appellant, and its determination was in no way confused by a complication of issues upon which a decision of the principal question depended. We take it from the memorandum of the trial court that the learned judge below was firmly convinced of the incompetency of appellant and that his interests demanded the appointment of a guardian, and, if findings of fact had been made, such would have been his conclusion. A reversal on this appeal, therefore, and remanding of the cause to the court below, with directions to make and file proper findings, would serve no purpose except delay, and that, of course, is not desired by either party.

Order affirmed.