AUGUST KOEPER v. TOWN OF LOUISVILLE.[1]

January 21, 1910.

Nos. 16,374—(167).

**Right to Trial by Jury.**

Action to compel the defendant to close an opening made by it, in an attempt to improve a highway, in the bank of a lake, whereby the land of the plaintiff is flooded, to restrain it from maintaining such flooding, and for the incidental damages. *Held*, in mixed actions, based on both a legal and an equitable cause of action, a party has a constitutional right, if seasonably

[1]Reported in 124 N. W. 218.

and properly demanded, to a trial by jury of the legal action; but in an action, not of a strictly legal nature, where the plaintiff seeks both equitable and legal relief, neither party is entitled to a jury trial as a matter of right.

**Same.**

. The defendant in this case was not entitled to a jury trial of the issue as to damages, the trial court did not err in its rulings as to the admission of evidence, and its findings of fact are sustained by the evidence.

Action in the district court for Scott county for an injunction restraining defendant from maintaining a flow of water from a certain lake, and to recover $1,000 for damage to plaintiff's land and crops. The facts are stated in the opinion. After the former appeal, 106 Minn. 269 (118 N. W. 1025), the defendant answered, putting in issue the allegations of the complaint. The case was tried before Morrison, J., who made findings and as conclusions of law found that plaintiff was entitled to an injunction and to recover the sum of $127. From an order denying its motion to amend the findings of fact and conclusions of law or for a new trial, defendant appealed. Affirmed.

*F. J. Leonard,* for appellant.

*H. J. Peck,* for respondent.

START, C. J.

This is an appeal by the defendant from an order of the district court of the county of Scott denying its motion for amended findings and a new trial; that is, from an order denying a motion for new trial. See Peterson v. Hutchinson, 98 Minn. 452, 107 N. W. 1124.

The complaint alleges in effect that O'Dowd's Lake, a part of which lies within the defendant town, is a large meandered lake; that on November 25, 1907, the defendant, in an effort to improve a highway along the shore of the lake at the south end thereof, maliciously, carelessly and without any regard to the rights of landowners, cut a hole into and through the north bank of the lake in the highway several feet below the surface of the lake, whereby the waters of the lake ran down upon and over the land of the plaintiff; that the defendant has ever since so maintained such opening or hole, whereby he will suffer irreparable injury; and, further, that his land and the crops

growing thereon have been injured by the water so cast upon them, to his damage in the sum of $1,000. The prayer for relief was that the defendant be restrained from maintaining such flow of water from the lake, and be required to close the opening in the bank of the lake, and that he recover the damages so sustained.

The defendant demurred to the complaint on the ground that it did not state facts constituting a cause of action, and appealed from an order overruling the demurrer, to this court, which affirmed the order. See 106 Minn. 269, 118 N. W. 1025. The defendant then answered, putting in issue the allegations of the complaint. On the call of the calendar, and also when the cause was called for trial, the defendant made a motion to have the issue as to damages submitted to the jury. Motion denied, and the defendant excepted to the ruling. The trial court made findings of fact substantially in accordance with the allegations of the complaint, except it found that the plaintiff's damages were $127, and directed judgment accordingly.

The first contention of the defendant to be considered is that the defendant was entitled to a jury trial of the issue as to damages as a matter of right; hence the court erred in denying its demand for such a trial.

Whether the defendant in this case was entitled to a jury trial depends on the character of the cause of action. In mixed actions, based on both a legal and an equitable cause of action, a party has a constitutional right, if seasonably and properly demanded, to a trial by a jury of the legal cause of action. Dunnell, Minn. Pr. § 583. The case of Lace v. Fixen, 39 Minn. 46, 38 N. W. 762, illustrates this rule. In that case the complaint alleged a legal cause of action, and the answer an equitable cause of action as a counterclaim, and it was held that the plaintiff, if he had properly demanded it, would have been entitled to a jury trial of his legal cause of action as a matter of right. The correctness of this conclusion is apparent, for the case involved two causes of action—the plaintiff's, a legal one for the recovery of money only; the defendant's, an equitable action as a counterclaim.

There is a clear distinction between cases of this character, where two causes of action, one legal and the other equitable, are united in

the same action, and those where the cause of action is an equitable one, in which equitable relief is sought, and also legal relief as an incident to the equitable cause of action; for example, a claim for damages growing out of the facts upon which the equitable relief depends. The rule in cases of this kind is that in an action not of a strictly legal nature, where the plaintiff seeks both equitable and legal relief, neither party is entitled to a jury trial as a matter of right. : Dunnell, Minn. Pr. § 584.

The case of Finch v. Green, 16 Minn. 315 (355), illustrates this rule. In that case the plaintiff, whose land was overflowed by reason of the defendant's dam, brought the action for an injunction against the maintenance of the dam, for its abatement, and for damages caused by the overflow. This court held as follows: "This action is not purely legal, nor purely equitable, but is of a mixed nature, since it is one in which both legal and equitable relief are sought. In accordance with the provisions of sections 198 and 199, c. 66, G. S. (now R. L. 1905, § 4164), the issues of fact in this case were triable by the court, 'subject to the right of the parties to consent, or of the court to order, that the whole issue, or any specific question of fact involved therein, be tried by a jury, or referred.' "

The case cited was followed in the case of Brown v. Lawler, 21 Minn. 327, which was an action to foreclose a mortgage given by defendant to secure a promissory note. The complaint prayed for judgment adjudging the amount due on the note, and also judgment of foreclosure. The only issue in the case was the amount due on the note. It was held that the case was triable by the court. In State v. Minnesota Thresher Mnfg. Co., 40 Minn. 213, 217, 41 N. W. 1020, 3 L. R. A. 510, it was held, citing Finch v. Green, that the right of the trial by jury in civil cases under the constitution is limited to the trial of issues of facts in ordinary common-law actions for the recovery of money only, or of specific real and personal property, and actions for divorce for adultery. It is clear that the case at bar falls within the second rule we have stated, for it is not one based upon two separate causes of action, one legal and the other equitable, but the action is one of a mixed nature, the primary purpose of which is to secure equitable relief, and incidentally legal relief by

an award of damages. In this respect this case is identical in principle with the case of Finch v. Green; for in this case, as in that, the purpose of the action is to restrain the defendant from overflowing the plaintiff's land, to abate the cause of the overflow, and for incidental damages. It follows that the defendant was not entitled to a jury trial of any of the issues as a matter of right, and that the court did not err in denying the defendant's motion to submit the issue as to damages to a jury.

The other assignments of error are numerous, and naturally divide into two groups. The first one is directed to the rulings of the trial court on the admission of evidence, and the second one to the findings of fact made by the court. The evidence which was admitted over the defendant's objection tended to show the character of the lake, its depth, the fish which came down after the opening in the bank of the lake was made, where the water came from which overflowed the lands below the lake, the number of acres flooded, and the value thereof. Evidence of this general character was relevant to the issue, and properly received, for it tended to establish evidentiary facts and circumstances, from which the ultimate fact would follow that the plaintiff's land was flooded by the wrongful act of the defendant in turning upon it the waters of the lake. Some of the items of the evidence were only remotely relevant to the issues; but it is clear that their admission was not prejudicial in any event, as the trial was before the court without a jury.

The defendant urges that the findings of fact are not sustained by the evidence. We find, upon an examination of the record, that the findings of fact are fairly sustained by the evidence, both as to the main issue and the award of damages. That the conclusions of law are justified by the findings of fact necessarily follows from the former decision of this court sustaining an order overruling a demurrer to the complaint.

Order affirmed.