FIRST NATIONAL BANK OF BOSTON v. EUGENE A. TOWLE.[1]

July 19, 1912.

Nos. 17,506—(95).

**Motion denied.**

Application to strike out certain portions of the amended return on the appeal denied.

**Refusal to make specific findings — order reviewable on appeal.**

On an appeal from an order denying a motion for a new trial of an appeal from the probate court to the district court in the matter of a petition to remove an administrator, an order refusing to make specific findings requested is reviewable, if accompanied by a sufficient record.

**Return on appeal.**

Return on appeal, in connection with a stipulation of the parties, certain orders of the lower court, and certificates to the return by the clerk of such court, held sufficient to constitute a settled case in substance, and to present certain questions for review.

**Removal of administrator — failure to make findings.**

Where the district court, on an appeal from the probate court in the matter of a petition to remove an administrator, refused certain requested findings and failed to make any findings of its own motion, there was a mistrial.

**Removal of administrator — evidence.**

Evidence on the trial of an appeal from the probate court to the district court in the matter of a petition for the removal of an administrator considered, and held such as to require the administrator's removal.

From an order of the probate court for Ramsey county denying a

[1] Reported in 137 N. W. 291.

petition for the removal of Eugene A. Towle, as administrator of the estate of Uri L. Lamprey, the petitioning bank appealed to the district court of that county. The appeal was submitted to Kelly, J., upon the return on appeal and certain exhibits and documents specified in a stipulation between the parties. The court made no findings, but filed an order affirming the order of the probate court. In the memorandum attached to the order the court stated that R. L. 1905, § 3709, vests a broad discretion in the probate court, and where no charge of actual misconduct or dishonesty is preferred, and this discretion is lodged in the judge of probate, the district court, on appeal, will not interfere unless there has been clearly an abuse of discretion. The subsequent proceedings in the district court are narrated in the opinion. From an order denying petitioner's motion to make certain findings of fact, to amend the conclusions of law or for a new trial, it appealed. Reversed, and remanded with directions to find as a conclusion of law that the administrator was unsuitable and that he be removed.

*J. A. A. Burnquist* and *Henry B. Wenzell,* for appellant.
*Henry C. James,* for respondent.

PHILIP E. BROWN, J.

Application to remove an administrator. It appears that on August 6, 1910, this appellant duly filed in the probate court of Ramsey county its petition under R. L. 1905, § 3709, praying for an order removing Eugene A. Towle from his office as administrator of the estate of Uri L. Lamprey, deceased, and for other relief.

The petitioner alleges, in substance, the issuance of letters of administration to the said Towle on the estate on April 25, 1906, and the allowance by such court of its claim in the sum of $16,887.26, all of which remains unpaid; that on December 17, 1908, the petitioner filed a petition in the same court for the removal of the said administrator, which was denied by the court on February 17, 1910, and sets out in its present petition the following grounds for his removal:

1. The administrator since the said date has proved incapable of and unsuited for discharging such trust, and filed no inventory until after the former proceedings referred to for his removal had been

commenced, and that he has failed to take possession of all the personal property belonging to the estate.

2. On June 5, 1906, the court by order allowed twelve months for disposing of the estate and paying debts, which time has not been enlarged, but the estate has not been disposed of.

3. On June 30, 1909, the court granted him leave to sell real property at private sale, and to pay debts, but no lands have been reappraised, except certain lands in Otter Tail county, and no lands have been sold since the license was granted.

4. He has conveyed lands in which the estate has an equity without the license of the court.

5. Prior to his decease Uri L. Lamprey made certain conveyances to the said Towle and others which are void and fraudulent as to the petitioner, and it is the duty of the said administrator to commence actions to set aside such conveyances, "but in so doing he would be compelled to sue himself in his personal capacity, and thus bring into conflict his individual interests with the claims of your petitioner and other creditors."

6. The administrator's "personal, family, and business interests are, and will be, antagonistic to his duties as administrator, and are in conflict with the rights and claims of this and other creditors. That, controlled by these influences, the said administrator has not paid, nor endeavored to pay, your petitioner its claim, and as a result of said influences the relations of the said administrator to your petitioner are such that it is not safe nor advisable for your petitioner to confer with him, lest any information it might impart would be used to its disadvantage."

7. The administrator "is now mismanaging the estate, has mismanaged the same since the denial of the former petition for his removal, and after an incumbency of more than four years as administrator thereof has made no substantial progress towards its settlement."

On September 13, 1910, the administrator filed in the said court his answer to the petition, which first called the attention of the court to the former petition of the appellant for his removal and his answer thereto and the probate court's order denying said petition on

file, and urged upon the court that all matters set out in the petition now in controversy are determined by the hearing upon the said former petition and answer, except consideration of what said administrator's acts have been since the order was made, and referred to the inventory on file and the said answer showing the reasons for not filing the same sooner, and denied the allegations of the subdivisions above marked 5, 6, and 7, and also 1 of the petition, save as to the said inventory. The administrator also denied that he had deeded away any lands belonging to the estate without the license of the court, unless it be held that the lands reported by him in his former answer as having been conveyed to him by the said Lamprey and then sold belonged to the said estate; that at the time of the sale of such lands the price obtained was their full value, and the proceeds of such sale were properly applied upon the obligations of the said deceased secured by said lands.

He admitted that he had been unable to dispose of more than a small portion of the estate, and alleged as his reasons therefor the following: "Shortly after the license was issued to sell the lands, the State Bank of St. Paul, which then owned a very large number of acres of similar lands in the neighborhood of the lands belonging to this estate, threw its lands upon the market at prices much below the prices set by the appraisers on the reappraisal of the lands belonging to said estate, and, before disposing of all of its said lands in said Otter Tail county, the said bank went into the hands of a receiver, and the receiver made a sale of a very large portion of said lands for prices that would not produce enough to pay the taxes upon the lands belonging to this estate, if sold at the same prices; that the lands so belonging to said bank and so disposed of by said bank and said receiver were a portion of the lands formerly owned by said Lamprey under purchase from a railroad company, having been granted to said railroad company as swamp lands; that the lands disposed of by said bank and said receiver were selected by the representatives of said bank from a body of lands in Otter Tail county in which were included the lands still remaining in said estate, and were of better average quality and more readily salable than those now remaining; that, owing to the action of said bank and its re-

ceiver aforesaid and to the unfavorable season, it has been very difficult to interest anybody in said lands as a purchaser; that the property belonging to said estate in Ramsey county has been unsalable, and your said administrator has not felt like incurring an expense of an appraisal when he could not interest any person as a purchaser, and thought it better that he should delay the appraisal until there seemed to be a possibility of selling, especially as the price of such property fluctuates and the appraisal should be made as near the selling time as possible."

He also set up that the estate had an interest in a large tract of land in St. Paul which is likely to be taken for public use within a very short time, and alleged that it is for the best interest of the estate and its creditors that there be no haste in disposing of the same, and that further time be granted him for settling the estate.

The appellant replied, denying that any of the matters set out in the petition were determined by the hearing on the former petition, and alleged that such petition was submitted on a motion for judgment on the pleadings, and denied all other allegations of the answer.

The proceeding was heard by the probate court on November 1, 1910, on the petition, answer, reply, and parol and documentary evidence. On February 25, 1911, the probate court filed its order denying the prayer of the petition, and the petitioner appealed to the district court of the said county. Thereafter the matter was duly submitted to the district court pursuant to a stipulation of the parties of date May 24, 1911, such submission being solely upon the record returned thereto by the probate court, and on the exhibits referred to in that record and also in the stipulation, and on certain documents from the records and files of the probate court in the matter of the said estate, described in the said stipulation, and on the agreement of the parties, contained in the said stipulation, to the effect that on the hearing of the appeal it should be treated as true that, in addition to the judgments mentioned in the inventory, there were at the time of the death of the decedent, docketed in Ramsey and Otter Tail counties, a judgment against the deceased in favor of the petitioner, of date March 7, 1906, for $15,550.13, which remained of record until July 5, 1907, when a mandate from the United States Circuit Court

of Appeals, reversing the judgment, was filed; and that there was also of record a judgment in favor of F. A. Seymour et al. against the said Lamprey for upwards of $9,000, which remained of record until settled pursuant to said order of said probate court allowing settlement between the State Bank of St. Paul and the administrator of said estate. Provision was also made in the said stipulation for the return to the Supreme Court of copies of the exhibits and documents from the records and files of the probate court above referred to, in the event of an appeal thereto from the district court.

On June 30, 1911, the district court, "having inspected the return of said probate court upon said appeal, and the several exhibits described in the stipulation of counsel herein dated May 24, 1911, and considered all the same and all matters in said stipulation contained," without making any findings of fact or conclusions of law, filed its order to which a memorandum was attached, merely ordering that the order of the probate court appealed from be in all things affirmed, and also directed that judgment be entered accordingly.

On July 28, 1911, the petitioner moved the said district court, on the files and records of the proceedings, to make findings of fact therein, on the ground that the trial of such appeal must proceed as if the action were originally commenced in the district court, and that findings are necessary in all cases where issues of fact are involved.

On July 31, 1911, the said district court ordered that the motion be in all things denied. Thereafter, on September 9, 1911, the petitioner moved the said district court on the said files and records to make certain specified findings of fact, and also for an order amending the conclusions of law and the order for judgment in the said matter in certain specified particulars, in effect reversing the order of the probate court appealed from and granting the petitioner's application for the removal of the administrator, and further that, in the event that either of the motions last above mentioned was denied, the petitioner would move for an order vacating the decision of the court mentioned, and granting it a new trial on the ground that the decision was not justified by the evidence and was contrary to law, and other grounds.

On November 4, 1911, the said court filed its order, ordering (1)

that the appellant's motion for additional findings, etc., last above mentioned, be in all respects denied; (2) that appellant's motion for a new trial be also denied. With this order the court filed a memorandum stating therein among other things: "The court filed his decision June 30, 1911, wherein he affirmed the order appealed from. There was really no necessity for formal findings of fact, because there was no dispute about the material facts. The court did find in his decision of June 30, 1911, as conclusions of fact and law (1) that 'no charge of actual misconduct or dishonesty is preferred' against the administrator; and (2) 'or that of mismanagement [of the estate] proved.' And, so far as facts and law are concerned, it answers every purpose. This is found in the memorandum attached, and, if any point is attempted on the inadvertent failure to declare the memorandum part of the decision, the court now corrects that error, and desires the memorandum to be read as part of his decision. There were technically no issues of fact, as defined in section 4162, Revised Laws; i. e., where a fact is maintained by one party and controverted by the other. There may have been an issue of law which the court decided adverse to the appellant. This is appellant's second motion for findings. The court decided the first as he does herein by an order filed July 31, 1911, and here referred to and made part hereof."

Later the petitioner appealed from the order of November 4, 1911, to this court, specifying in its notice of appeal that the same was taken from the order denying its motion to make certain findings of fact, its motion to amend the conclusions of law, and its motion for an order vacating the decision of the court and granting a new trial, and from the whole thereof.

1. The respondent moved to strike out certain portions of the amended return to this court specified in his notice of motion. After an examination and consideration of the record, and especially of the stipulation of the parties of date May 24, 1911, hereinbefore referred to, we have concluded that the application must be denied.

2. The respondent claims that the appeal presents no question for review, because this court has determined that an order denying a motion to amend findings is not appealable; and, further, that the

appellant's application for a new trial is not supplemented by either a settled case or a bill of exceptions, as prescribed by R. L. 1905, § 4199, as amended. It is true, as claimed by the respondent, that it is the established rule here that an order denying a motion to amend findings is not appealable. Peterson v. Hutchinson, 98 Minn. 452, 107 N. W. 1124. It does not necessarily follow, however, that an order denying a motion to make findings when none whatever have been made, or to make specific findings where none such have been made, is not appealable. But it is not necessary now to determine such questions, for the appellant has coupled with its application for findings a motion for a new trial, and we hold that, the order denying a motion for a new trial being appealable, on such appeal the order refusing to make specific findings above recited is reviewable if accompanied by a sufficient record. This rule of practice was followed in Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791, and in Koeper v. Town of Louisville, 109 Minn. 519, 124 N. W. 218.

The next question on this phase of the case is whether the record is sufficient to present any question for review. There is no bill of exceptions; but, after an inspection of the return, in connection with the terms of the stipulation of date May 24, 1911, and the trial court's order of date June 30, 1911, and the certificates of the clerk of the district court to the return, we are of opinion that the record and return are sufficient to constitute a settled case in substance and to present for review here the questions whether the court should have made the specific findings requested by the appellant, or, if not, should have made findings as it may have determined the facts to be. Where, as in this case, no oral evidence is received in the district court, and it fairly appears that all of the evidence upon which such court founded its determination and all proceedings had therein have been certified up, it is sufficient as a settled case, the office of which is to place in the record the matters occurring on the trial in the court below.

3. It was the function of the district court to try this cause on the merits, precisely as if it had been commenced therein. Its duty was not to determine whether the probate court abused its discretion in denying the prayer of the petition, for on the perfection of the

appeal thereto the conclusions reached by the probate court became immaterial. Swick v. Sheridan, supra; Strauch v. Uhler, 95 Minn. 304, 104 N. W. 535. The district court, on the appeal thereto, should have made findings of fact and conclusions of law, the same as are required to be made in actions commenced in that court. Swick v. Sheridan, supra; Turner v. Fryberger, 99 Minn. 236, 108 N. W. 1118, 109 N. W. 229. The latter case states [on page 239] the following rule, to which we adhere:

"The court may refuse to find as requested and find otherwise on its own motion. But the duty to find on all the issues is imposed upon the court by the statute, and, if this is not done, there is a mistrial, in cases where the attention of the court is called to such omission. A motion for particular findings as to material issues on which the court has failed to make findings requires the court to make findings on such issues as he may find the facts to be, although the motion to make the particular findings is denied."

It is suggested that in the instant case there was really no necessity for formal findings of fact because no dispute existed concerning the material facts, and that, in any event, certain statements in the memorandum attached to the order of June 30 and directed to be read as a part of the court's decision by order of court of date November 4, should be deemed a sufficient compliance with the rule above stated. We cannot so hold, and are clearly of the opinion that the court erred in not filing findings, and that because thereof there has been a mistrial of the action.

4. We come now to the merits of the appeal, and to the substantial questions involved therein. The order of inquiry should be: (1) Did the evidence require the district court to make findings in favor of the respondent? For, if so, then there was no prejudicial error and the respondent must prevail. Swick v. Sheridan, supra. (2) If not, was the evidence sufficient to authorize the court, in the exercise of a fair discretion, to make findings favorable to the respondent? And in such event the cause should be remanded for the exercise of such discretion and the filing of findings. If neither of these conditions exist, it would follow that the court below should

either make the proposed findings or its own, either of which would result in the removal of the administrator.

The duties of such officer are well defined by the authorities. Speaking generally, administrators are considered trustees (Fleming v. McCutcheon, 85 Minn. 152, 155, 88 N. W. 433; In re Estate of Mills, 22 Ore. 210, 29 Pac. 443), and are charged with the duties of taking charge of and managing the estates of decedents, to settle and pay claims against the same, and to distribute the remainder thereof. Like trustees, they should proceed with reasonable diligence in the performance of their duties, and their personal interests must not conflict with their official duties. The power of removal is conferred by statute (R. L. 1905, §§ 3709, 3645), and in case of a violation of their duties above stated, especially the latter, or of others not necessary here to enumerate, this power should be exercised. Putney v. Fletcher, 148 Mass. 247, 19 N. E. 370; In re Estate of Mills, supra; 18 Cyc. 160; Woerner, Administration (2d ed.) p. 604.

The trial court correctly states that there was no dispute in the evidence as to the material facts, and therefore there is no necessity for an extended review of the voluminous record. It has been examined and re-examined. It appears therefrom that the estate is insolvent and no substantial progress has been made in reducing the assets. The estate consists in part of several thousand acres of land situated in Otter Tail county, and of lots and acres on the West side flats in St. Paul. A large part of these lands were incumbered with mortgages, judgments, taxes, and tax titles. The condition of the Otter Tail county lands as assets has grown worse annually. The administrator is the mortgagee in one of these mortgages, which is claimed to be fraudulent by the petitioner. Subsequently to the making of this mortgage the decedent executed a warranty deed to the said E. A. Towle, the administrator, of some 1,400 acres of land in Otter Tail county, appearing to have been given in payment of the said mortgage, but the mortgage remains unsatisfied of record, and it is claimed by the petitioner that this deed is fraudulent. The administrator is also a trustee for certain creditors of the estate, and is an officer of and a stockholder in a corporation which is a creditor of and debtor to the estate, and is the husband of one of the Lamprey heirs. The

deceased in his lifetime conveyed property of great value to a corporation known as the L. Realty Company, which conveyance the petitioner claims to have been without consideration and in fraud of creditors, especially this petitioner. It appears that the administrator and his wife, with other relatives of the deceased, were the sole incorporators and stockholders of this corporation, and that neither the respondent nor his wife paid anything for their stock.

There is a controversy existing between the petitioner and the administrator as to whether the administrator should have inventoried as assets of the estate a large quantity of lands conveyed by the deceased to him by the deed of warranty above mentioned, which is claimed to have been in fact a mortgage. Certain of the lands included in the conveyance have been conveyed by the administrator without leave of the probate court, and there are other matters not necessary to detail. It also appears that the administrator has conducted the affairs of the estate in a listless manner. On the trial in the probate court he evinced a surprising lack of knowledge concerning the assets of the estate, their situation, value, status, and incumbrances thereon, and disclosed indisputable reasons why diligence should have been exercised by him as administrator from the time of his appointment to prevent serious loss to the estate. Practically the only claims made by the respondent's counsel on this branch of the case are that the administrator has been diligent; that our statute (R. L. 1905, § 3696, subd. 2) contemplates that the fact of his being a creditor of the estate constitutes a qualification for his holding this office, instead of a disqualification; that the respondent's relations to the L. Realty Company do not constitute ground for his removal, because of R. L. 1905, § 3720, and the doctrine stated in McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589.

We will not prolong this opinion with a discussion of any of these claims. We consider them, singly and collectively, either unfounded or as insufficient answers to the petitioner's proofs. We are of the opinion that the evidence would not sustain the findings for the respondent, and such should have been made in favor of the appellant, for it clearly appears that he has become "unsuitable," within the meaning of R. L. 1905, § 3709, for the discharge of his trust, be-

cause his personal interests conflict with his duty as representative of the estate, and also for his failure to perform the duties of his office with reasonable diligence. It must not be inferred from anything herein stated that any reflection concerning the integrity of the administrator is either made or intended. In some of its aspects the record presents a state of facts unfortunately now too common, where men of large personal business interests accept positions of trust, and are either unable or fail to devote the necessary time to the discharge of the duties imposed.

There has already been much delay in the closing of this estate. To effectuate the chief purpose and intent of the laws of administration, and likewise in accordance with the settled policy of this court, for the avoidance of delay, to dispose of a case here fully and on the merits so far as possible (Gordon & Ferguson v. Doran, 100 Minn. 343, 111 N. W. 272, 8 L.R.A.[N.S.] 1049), we are of the opinion, and so hold, that the order appealed from should be reversed and the case remanded, with direction to the district court to make findings of fact substantially as requested by the petitioner, and as a conclusion of law that the administrator is unsuitable for the discharge of his trust and that he be removed therefrom.

So ordered.