## H. S. WOOD v. DAVID WOOD.[1]

### June 22, 1917.

### Nos. 20,298—(115).

**Application for guardian — finding of competency.**

1. The evidence in a proceeding under G. S. 1913, § 7433, for the appointment of a guardian of an alleged incompetent, *held* to sustain a finding of competency.

**Same — examination as of adverse party.**

2. Such proceeding is not adversary in character and the court properly refused to require the alleged incompetent to be examined as an adverse party under G. S. 1913, § 8377.

**Same —omission to obtain findings — motion for new trial.**

3. Upon the trial of such a proceeding findings of fact and conclusions of law should be made. None were made. No request was made. The petitioner moved for a new trial. He cannot now complain of their absence. Besides, there was only one issue and in no event was there prejudice.

**Exclusion of evidence.**

4. There was no prejudicial error in the exclusion of evidence.

[1]Reported in 163 N. W. 297.

H. S. Wood petitioned the probate court for Le Sueur county for the appointment of a guardian for his brother David W. Wood. From the order denying the petition, petitioner appealed to the district court for that county. The appeal was heard before Morrison, J., who affirmed the order of the probate court. From an order denying his motion for a new trial, petitioner appealed. Affirmed.

*Charles C. Kolars, M. R. Everett* and *Moonan & Moonan,* for appellant.

*P. McGovern* and *Willard J. Moran,* for respondent.

DIBELL, C.

This is a proceeding to appoint a guardian of the property of one David W. Wood, an alleged incompetent, pursuant to G. S. 1913, § 7433, tried in the district court on appeal by the petitioner from the order of the probate court denying the petition. At the conclusion of the petitioner's testimony the court affirmed the order of the probate court. The petitioner made a motion for a new trial and appeals from the order denying it.

1. The respondent is a man 60 years of age. Until the death of his parents a few years ago he lived with them on the home farm. He now lives alone in a small house in Waterville. He was the oldest son. He never married. He has two brothers, towards whom he has some hostility. He has a sister who has looked after his welfare and to whom he seems attached. He is illiterate and apparently defective. He has a physical malady incapacitating him from manual labor. There is something like $3,000 coming to him from the sale of the home farm. This with his house in Waterville is all his property and upon it he must rely for his support. In affirming the order of the probate court the trial court necessarily found that he was not incompetent to care for his property. The trial court saw him and heard his testimony as well as that of other witnesses. It was in a better position than are we for determining the fact. He is illiterate and with little experience in handling money or managing property. He cannot compute numbers and probably has no accurate appreciation of amounts. He purposes loaning his money. In doing this he will need assistance but such need is not a complete test of competency. It does not appear that he has

ever dissipated his property. The evidence would have justified a finding of incompetency. It justifies a finding of competency. We sustain the trial court's conclusion.

2. The petitioner called the respondent for cross-examination under the statute as an adverse party. G. S. 1913, § 8377. The respondent's objection to such examination was sustained. An exception was noted. The proceeding is not adversary in character and the court's ruling was correct. Prokosch v. Brust, 128 Minn. 324, 151 N. W. 130.

3. At the close of the testimony the respondent moved for affirmance and it was granted. Findings of fact and conclusions of law were not made. They should have been made. Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791. There was no request for them. Afterwards the motion for a new trial was made. Under such circumstances the petitioner cannot complain of the absence of findings. There was but one issue. Even if there had been a refusal to make findings prejudice would not have resulted. Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791.

4. Some testimony was excluded which might well enough have been received. It was not of a character likely to affect the result. There was no error substantially prejudicial.

Order affirmed.