## PIONEER LAND AND LOAN COMPANY v. GEORGE P. BERNARD.[1]

October 5, 1923.

No. 23,532.

**Findings and conclusions in writing necessary when case is dismissed upon the merits after trial.**

> Section 7815, G. S. 1913, applied to all issues of fact tried in the district court without a jury and consequently in every such case, however arising, which is tried and disposed of on the merits, there must be a decision in writing stating separately the findings of fact and conclusions of law.

Action in the district court for Marshall county to recover $155 for the conversion of a quantity of rye. The case was tried before Grindeland, J., who dismissed the action on its merits. From an order denying its motion for a new trial, plaintiff appealed. Remanded.

*Julius J. Olson* and *Rasmus Hage*, for appellant.

*A. N. Eckstrom*, for respondent.

STONE, J.

Action for conversion of grain wherein at the close of the testimony, by consent, the case was taken from the jury and submitted to the court for decision. No findings of fact or conclusions of law were made and filed as required by statute. The case was determined by an order dismissing it on the merits. Appellant, by motion, asked that findings be made. The motion was denied and the

[1]Reported in 195 N. W. 140.

assignment of error challenging such denial is the only one we feel called upon to consider.

The statute, section 7815, G. S. 1913, provides that "when an issue of fact has been tried by the court, the decision shall be in writing, the facts found and the conclusions of law shall be separately stated, and judgment shall be entered accordingly." This language is plain and it should be given its literal construction. That it permits no other was decided in Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791, and Wood v. Wood, 137 Minn. 252, 163 N. W. 297. The statute is mandatory. The separate statement of findings of fact and conclusions of law is required for the purpose, among others, of advising this court of the grounds of decision in all cases brought here after trial by the court. It is not intended that this court shall search the record in an independent effort to ascertain the basis for the decision below. It is intended, on the contrary, that decisions shall come here speaking for themselves and saying on their face what they are and why they are. With such a decision we can search the record for its justification or lack of it with much more assurance of doing justice, to say nothing of the great facilitation of our work which comes from an expression of the always valuable views of the trial judges.

Of course, where there is a dismissal not on the merits, and simply because the party having the affirmative of the issue has failed to sustain it, there need be no separate statement of fact and law. Such practice is permitted by section 7825, G. S. 1913. The methods of dismissal there enumerated are exclusive, all others being expressly abolished.

A dismissal on the merits is very different from the dismissals authorized by statute. The latter conclude the action, only; whereas the former not only ends the action, but concludes also the cause of action, determining finally the whole controversy. It is a final adjudication. In all cases tried by the court and disposed of on the merits, it is the clear intent of the statute that, with respect to any issue of fact, there must be findings of fact and conclusions of law "separately stated."

The case is remanded for the making of a decision accordingly and for such other proceedings as properly may be had.