IN RE ESTATE OF ROBERT T. ROBERTS.
C. D. SNOW v. EDWARD L. JONES.[1]

March 5, 1926.

No. 25,116.

**Payments which should be made from corpus of estate.**
1. The legacy to the widow, plus her selection of $500 under the statute, and the expenses of last sickness, funeral expenses, etc., should be paid from the corpus of the estate.

**What payments should be paid from income, if sufficient.**
2. The taxes and interest upon encumbrances on the real property should be charged to the life tenant and paid from the income, if sufficient; if not, the balance to be paid from the corpus of the estate.

**Appellant entitled to specific findings as to income and payments therefrom.**
3. Under the provisions of testator's will and the issues and proofs, appellant was entitled to specific findings as to the income of the entire estate and the disbursements thereof up to the time of the death of testator's surviving widow, she being entitled to the income of the entire estate during her natural life.

Estates, 21 C. J. pp. 955 n. 69; 957 n. 85; 958 n. 2, 3.
Executors and Administrators, 24 C. J. pp. 232 n. 2; 522 n. 44 New.
Wills, 40 Cyc. p. 2002 n. 77.

[1]Reported in 207 N. W. 629.

Appeal by Edward L. Jones, as executor of Dorothy J. Roberts, from an order of the district court for Blue Earth county, Comstock J., denying his motion for a new trial after a hearing upon appeal from the probate court in the matter of the estate of Robert T. Roberts. Reversed and remanded.

*Evan Hughes,* for appellant.

*Wm. F. Hughes* and *J. A. Baker,* for respondent.

QUINN, J.

Robert T. Roberts died testate, February 24, 1919, leaving surviving him his widow, Dorothy J. Roberts, several children by a former marriage and grandchildren. The will was duly proven and admitted to probate. Mrs. Roberts and Charles D. Snow were named in the instrument as joint executors. Letters testamentary were accordingly issued. The parties named duly qualified and undertook the administration of the estate. After directing the payment of the just debts and funeral expenses, as soon as convenient, and the erection of a monument to cost not exceeding the sum of $300, the will bequeathed the sum of $1,000 to Mrs. Roberts, the same to be paid to her as soon as possible. It also gave and bequeathed all the rest, residue and remainder of the property, of whatsoever kind and wheresoever situated, to Mrs. Roberts for and during the term of her natural life, remainder to the children and grandchildren as therein specified. The will also authorized the executors to sell and convey any of the real estate whenever they deemed it advisable for the benefit of the estate.

The executrix and the executor acted jointly in administering the estate until June 19, 1922, when Mrs. Roberts died. Edward L. Jones then became the representative of her estate and subsequently procured an order from the probate court requiring the surviving representative of the Robert T. Roberts estate to show cause why he should not pay certain amounts to the estate of Dorothy J. Roberts. In response thereto, the surviving representative filed a statement with the probate court showing what moneys and personal property had been received belonging to the estate

which he represented and how the same were disbursed up to the time of the death of Mrs. Roberts. The statement showed that there had been received from all sources, including income from the real estate, a total of $4,151.20, which had been paid out in taxes, repairs on real property, interest on loans, debts, expenses of last sickness and funeral expenses; that Mrs. Roberts had been paid a total of $1,428.55; that she had received the household goods valued at $50; that there was on hand money and other personal property to the amount of $378, and that there was a deficit liability of $1,361.51 over assets. The statement wound up by asking that the same be allowed as showing the personal property belonging to the estate up to July 1, 1922.

The printed record is in almost hopeless confusion but, as we understand, the probate court refused to allow the foregoing account and on appeal the district court reversed the order of the probate court and affirmed the account. There being no appeal from the order of the district court, the matter was remanded to the probate court. In affirming the account, the district court filed an order stating that the "account of appellant dated the 1st day of July, 1922, be, and the same hereby is, approved as a correct and bona fide record of the transactions of said co-executors in administering the Estate of Robert T. Roberts, decedent, up to the time of the death of Dorothy J. Roberts." This order was dated January 20, 1923.

On February 24, 1923, the executor filed with the probate court his final account and petition for settlement of the estate. The representative of the estate of Dorothy J. Roberts filed objections thereto, a hearing was had thereon before the probate court on September 17, 1923, and an order filed to the effect that there was due and owing from the estate to the estate of Dorothy J. Roberts a balance of $475.05 upon the legacy mentioned in the will and $100 for her services as executrix. It was further found that $400 was a reasonable amount for the services of Charles D. Snow as executor and the same was allowed. Subject to the foregoing conditions, the account was allowed.

The executor appealed from the order of the probate court to the district court and the matter was reached for trial in the district court on January 22, 1924. On August 7, 1924, the district court filed an order in which, after stating a history of the case, it was found that Dorothy J. Roberts was entitled to receive from the estate one legacy of $1,000 as provided in the will, $500 selected by her as surviving widow, the houshold goods and $100 allowed by the probate court for services as executrix, or a total of $1,600. It was further found that she had received $1,428.55 of that amount and that there was a balance owing of $171.45, which should be paid to the representative of her estate. The order also allowed Charles D. Snow the sum of $400 as executor's fees and then provided that the order of the probate court entered on September 17, 1923, be modified according to the foregoing and, except as so modified, "said order is affirmed" and that the probate court "proceed to the final settlement of said estate in accordance with the terms hereof and as provided by law," and ordered judgment to be entered accordingly. In denying a motion for amended findings as to the amount which was owing the Dorothy J. Roberts estate, the trial court stated in its order:

"It is hereby found that all issues of law and fact submitted to the court on the trial in the above entitled action have been decided by said order filed herein on August 7, 1924, and that all matters involved in the findings asked by said motion are fully covered by said order. Therefore it is ordered that said motion be and the same hereby is in all things denied."

The matter comes to this court by an appeal from an order of the district court denying appellant's motion for a new trial.

Under the terms of the will, the widow was entitled to receive, after the payment of the just debts, funeral expenses and cost of a monument not to exceed $300, and the expenses of administration, a legacy of $1,000, and in addition thereto the sum of $500 selected by her under the statute, and $100 for services as executrix, amounting in all to the sum of $1,600, the same to be paid from the corpus of the estate. In addition thereto, paragraph 4 of the will provides:

"I give and bequeath to my said wife, Dorothy J. Roberts, all the rest of the property of which I shall die seized and possessed, of whatever nature and kind and wheresoever situated, to have and to hold the same to my said wife for and during the term of her natural life.

"5. At and upon the death of my said wife, I give, devise and bequeath the property referred to in the fourth clause of this will, as follows, towit."

Then follow, in the will, bequests to the children and grandchildren amounting to over $7,000, not including the farm devised to Hugh H. Roberts, upon which there was an encumbrance of $2,000 which was assumed by the devisee.

The real estate consisted of a farm in Nicollet county, certain city property in Blue Earth county and also certain city property in the state of Oklahoma. The real estate was encumbered to a considerable extent, necessitating the payment of considerable interest, taxes, insurance and repairs. Under the provisions of the will above quoted, the widow was entitled to have and receive to her own use and benefit, the entire income of the estate, less the amount of expenses of maintaining the same, including taxes and interest paid upon the encumbrances upon such real estate. While the report of the surviving executor, filed with the probate court on July 1, 1922, shows the amount of money and personal property which the estate had received from all sources up to the time of the death of Mrs. Roberts, which occurred on June 19, 1922, and how the same were disbursed, yet the source of such receipts and the purpose for which the same were paid out are not sufficiently clear so that the net amount which Mrs. Roberts was entitled to receive as her own property can be ascertained, nor can the same be determined from the order of the district court dated August 7, 1924, affirming the final account of the executor. The appellant was entitled, under the statute, G. S. 1923, § 9311 (Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140), to a finding as to the amount of income derived from each parcel of real estate, the amount of taxes and interest paid thereon, and from what source

the money was derived for such purposes up to June 19, 1922, as a basis upon which to determine the amount of property to which Dorothy J. Roberts was entitled, as of her own right, at the time of her death on June 19, 1922. For this purpose, the case should be remanded and a hearing had to enable the court to determine these matters and make specific findings thereon.

Reversed and remanded.