OLIVE B. CAULFIELD v. C. W. JEWETT COMPANY, INC.
F. M. RIDGWAY, INTERVENER.[1]

June 5, 1931.

No. 28,451.

*F. J. McPartlin* and *Harold C. Bellew,* for appellant.
*Manahan, Hoogesteger & Manahan,* for intervener-respondent.

HOLT, J.

In September, 1924, respondent was retained under a written contract as plaintiff's attorney to enforce a claim against C. W. Jewett or C. W. Jewett Company, Inc. a corporation. Her fee was to be one-third of the amount obtained through settlement or litigation. An action was brought in behalf of plaintiff against de-

[1]Reported in 237 N. W. 190.

fendant for $22,000 due for salary. While the suit was pending plaintiff discharged respondent and employed other attorneys, who moved to amend the complaint in the action brought by respondent. Thereupon respondent intervened to claim an attorney's lien. When the motion to amend was denied, plaintiff dismissed her action and began another action against defendant, and respondent filed notice of her attorney's lien. The action last begun was settled during its trial. Defendant was to pay plaintiff $3,500 in cash and deed her certain land. To protect defendant against respondent's lien, $500 of the cash payment was deposited under a stipulation, of which the following parts are here material:

"Now, therefore, it is stipulated and agreed by and between the said parties that five hundred ($500.00) dollars of said three thousand five hundred ($3,500.00) dollars be deposited with the said clerk of said court to be held by him until the said lien or claim of lien shall be fully satisfied of record in his office.

"It is further stipulated and agreed that upon the filing in said office of said court of a satisfaction of said lien or an order of court satisfying the same the said clerk shall pay over to said plaintiff the said five hundred dollars."

More than a month after the settlement, respondent, upon affidavits setting forth her claim of an attorney's lien, obtained an order to show cause why the clerk of the court should not turn over the $500 to her. Plaintiff filed counter affidavits. The employment of respondent and her discharge were not controverted. The issue was whether respondent's conduct of the case and her interference with the litigation after her discharge destroyed her right to compensation, and, if not, what was the reasonable value of her services.

As to the reasonable value, plaintiff's affidavits showed the same to be from $125 to less than nothing, and respondent's, that her services were worth one-third of the amount obtained by the settlement. The court on December 5, 1930, made an order directing the $500 deposited under the stipulation to be turned over to respondent "in full of all claims and demands under lien or otherwise of inter-

vener against plaintiff for legal services rendered in the cause or causes of action giving rise to this proceeding." Thereafter plaintiff moved the court to vacate the order of December 5, 1930, and to substitute therefor proposed findings of fact and conclusions of law and to order judgment in favor of plaintiff on the ground that the decision of December 5, 1930, was not supported by the evidence. This motion was denied by order filed December 27, 1930. Plaintiff appeals from both orders.

Plaintiff insists that the last order is appealable on the authority of First Nat. Bank v. Towle, 118 Minn. 514, 137 N. W. 291. In that case the motion was in the alternative for findings or a new trial. But construing plaintiff's motion, denied by the order of December 27, as a motion in the alternative for findings in her favor or a new trial, we may regard it as appealable. In that motion the order of December 5 is designated as "findings and conclusions of law." However the order of December 5, 1930, does not direct judgment to be entered, but it is a final order in a summary proceeding and appealable.

The law is well settled that where issues are raised by pleadings and the trial is to the court, there must be findings of fact and conclusions of law separately stated. G. S. 1923 (2 Mason, 1927) § 9311; Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140; Morrissey v. Morrissey, 172 Minn. 72, 214 N. W. 783; Palmer v. First Minneapolis Tr. Co. 179 Minn. 381, 230 N. W. 257, 258. G. S. 1923 (2 Mason, 1927) § 9287, defines how issues arise upon which findings must be made. Attorneys' liens to enforce fees may be determined summarily (G. S. 1923 [1 Mason, 1927] §§ 5695, 5696) upon orders to show cause. Such orders to show cause often do result in issues being framed by pleadings and the taking of oral testimony; and in such cases of course § 9311 must be complied with. But the summary determination of an attorney's lien or of his fees does not always require formal findings. Minneapolis Tr. Co. v. Menage, 86 Minn. 1, 90 N. W. 3; Barbaras v. Barbaras, 88 Minn. 105, 92 N. W. 522; Fryberger v. Anderson, 125 Minn. 322, 147 N. W. 107. The usual practice however is for the court to

make findings of fact and order judgment. Northrup v. Hayward, 102 Minn. 307, 113 N. W. 701, 12 Ann. Cas. 341; Farmer v. Stillwater Water Co. 108 Minn. 41, 121 N. W. 418; Nelson v. Berkner, 140 Minn. 504, 167 N. W. 423; Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496; Wildung v. Security M. Co. 143 Minn. 251, 173 N. W. 429; Miner v. Payne, 150 Minn. 103, 184 N. W. 673; Balluff v. Balluff, 169 Minn. 266, 211 N. W. 462.

In the case at bar the order to show cause was submitted upon affidavits and the files. No formal pleadings were framed. Respondent's employment by written contract was admitted. So was her discharge. The only issue for decision was whether her claim for a lien for the value of her services had been forfeited. If it had not, she was entitled to receive the reasonable value of the services rendered. The decision of December 5, 1930, disposes of both issues in favor of respondent by holding that she had not forfeited her right to compensation and that the receipt of the $500 deposited pursuant to the stipulation of the parties was in full payment of her fees. That cannot mean anything else than that the reasonable value of her services was $500. In view of the stipulation of the parties and the manner in which the deposit was made, there was no need of entry of a judgment. When the order or decision was complied with (the check deposited with the clerk indorsed by him and delivered to respondent) her fees were paid and no judgment could be entered against either party.

We think the order was a final order in a summary proceeding and sufficiently disposed of the issues tried upon the affidavits presented to the court. No other or more specific findings were required.

The orders are affirmed.