G. E. FREDSALL v. MINNESOTA STATE LIFE INSURANCE COMPANY.
STATE EX REL. WILLIAM S. ERVIN, ATTORNEY GENERAL, INTERVENER-RELATOR.
IDA E. AND SEMON FREDSALL, INTERVENERS-APPELLANTS.
BEN W. PALMER, RESPONDENT.[1]

January 19, 1940.

No. 32,251.

[1]Reported in 289 N. W. 780.

*Gleason & Ward* and *R. J. Orff,* for appellants.
*Ben W. Palmer, pro se.*

JULIUS J. OLSON, JUSTICE.

Semon Fredsall and wife, Ida E. (hereafter referred to as plaintiffs) appeal from an order denying each of their blended motions: (1) To adopt their proposed findings of fact and conclusions of law; or (2) if that be denied, for such findings and conclusions as the court might deem appropriate in its view of the evidence and applicable law; (3) striking from an order theretofore made that part thereof disallowing their claim against defendant; and (4) for a new trial on the ground that allowance of their claim is the only permissible result upon the evidence adduced at the trial, hence that the court erred in its disallowance.

Plaintiffs reside upon their statutory homestead in Minneapolis. They are the parents of F. Russell Fredsall, who in 1936 became chief promoter in the organization of defendant, and during the brief span of its life was its president. To make possible the approval on the part of the insurance commissioner of the new enterprise, it was necessary to procure and file with him $15,000 of approved securities. On July 30, 1936, and to help bring about defendant's qualification in this regard, an oral agreement was made between the parents and the son, the latter acting in defendant's behalf, that the parents should execute and deliver to defendant a $2,000 note secured by mortgage upon their home with the understanding that when the company had become author-

ized to do business and as such a going concern, the money represented thereby would be paid to plaintiffs within three years with interest at four per cent, or that the mentioned note would be returned and the mortgage satisfied. In other words, the basis for plaintiffs' claim is that these instruments were given for defendant's accommodation. Instead of complying with this arrangement, so plaintiffs assert, defendant negotiated the note and assigned the mortgage to a bank, which became a good faith holder thereof.

Financial difficulties soon put to an end defendant's functions as a going concern. So we find that in proceedings later had by a judgment creditor a decree of dissolution against defendant was entered, and Ben W. Palmer, Esq. was duly appointed its receiver. He is so acting now and is also attorney *pro se* in this matter.

Plaintiffs, conceding the validity of the mortgage as a lien and charge upon this homestead, defendant admittedly not being bound to pay the mortgage debt under its assignment and its endorsement of the note being without recourse, now seek recovery out of defendant's assets for the amount of the note with accrued interest, less interest paid by it during the time it held the mortgage, *i. e.*, from its date, July 30, 1936, to August 6, 1937, when it was assigned.

Plaintiffs' claim is in the form of a complaint in intervention, in which pleading the facts upon which recovery was sought are fully stated. No formal pleading was made or filed by or in defendant's behalf. A trial was later had before the court, there being no objection to lack of any formal pleading by defendant, upon the theory that the receiver's objection to the claim amounted to a general denial.

Plaintiffs' assigned errors may be summarized under two divisions: (1) That they were entitled to written findings and conclusions pursuant to the requirements of 2 Mason Minn. St. 1927, § 9311; and (2) that upon the record as a whole they are entitled to findings and conclusions awarding them the relief sought.

Defendant's contentions are: (1) Failure to make findings in this case is not error as the statute (§ 9311) does not apply to claims in receivership proceedings; (2) even if the statute is applicable no harm resulted to plaintiffs, as "under the evidence the lower court was not bound to find in favor of the appellants" (plaintiffs).

1. The statutory language (§ 9311) is clear:

"When an issue of fact has been tried by the court, the decision shall be in writing, the facts found and the conclusions of law shall be separately stated, and judgment shall be entered accordingly."

In Pioneer Land & Loan Co. v. Bernard, 156 Minn. 422, 195 N. W. 140, it was held that the statute "applied to *all issues of fact tried in the district court without* a jury and consequently *in every such case, however arising,* which is tried and disposed of on the merits, there must be a decision in writing stating separately the findings of fact and conclusions of law." (Italics supplied.)

True, in that case the action arose in the district court and was there tried. In that respect only was the situation different from the present case. But the statutory objects are fully as pertinent here as they were there. As pointed out in 6 Dunnell, Minn. Dig. (2 ed. & 1934 Supp.) § 9847:

"The objects of the statute requiring the court to give its decision in writing and to state the facts found and conclusions of law separately are to abolish the doctrine of 'implied findings;' to make definite and certain just what is decided, not only for the purposes of the particular action, but also for the purpose of applying the doctrine of estoppel to future actions; and, finally, to separate questions of law and fact so that they may be the more conveniently, intelligently, and fairly considered and reviewed on a motion for a new trial or on appeal." The cases are cited under note 7.

Analogous in many respects to the present situation are cases where appeals are taken from the probate to the district court. Thus in Swick v. Sheridan, 107 Minn. 130, 132, 119 N. W. 791, the court was called upon to consider certain sections under R. L. 1905 (now 2 Mason Minn. St. 1927, §§ 8988 and 8989). In considering these the court was of the view that while these sections were (107 Minn. 132, 119 N. W. 792) "not definite upon the question whether findings of fact should be made on the trial of all appeals from the probate court," yet the opinion gave (p. 133) "effect to the provisions of § 3877" (now § 8988), and held "that in all cases where issues of fact are presented findings of fact and conclusions of law should be made." That rule was regarded as "well settled" law and as the "usual practice" in Caulfield v. C. W. Jewett Co. Inc. 183 Minn. 503, 505, 237 N. W. 190. And what this court said in Mienes v. Lucker Sales Co. 188 Minn. 162, 166, 246 N. W. 667, 668, is especially applicable here:

"As to the facts, nothing should be left to implication. Counsel, as representatives of litigants and officers of the court, are entitled to a decision fully responsive to their sincere contentions. Neither upon them nor upon this court should be put the task of searching the record to determine just which way the trial court has disposed of any determinative issue."

2. That there are several and highly important fact issues involved is clearly apparent from this record. Counsel have discussed some of these in their respective briefs. In addition to the issues so argued by counsel, we think there are two which they have either overlooked or deemed to be unimportant.

That defendant corporation was a stock company is conceded. Was plaintiffs' mortgage to be used in its capital structure? If it was not, was it to be used to provide $2,000 of the deposit required to be made, and made, with the insurance commissioner pursuant to 1 Mason Minn. St. 1927, § 3319? In either event, the statute requires that the capital structure or deposits so made shall belong to the company. The statute does not permit any strings to be attached so that a concealed owner, under some con-

tract of defeasance such as that pleaded by and relied upon for plaintiffs, can deprive either the policyholders or the company's creditors of the security and benefit of either its capital structure or the statutory deposit. It may be that the alleged contract of defeasance upon which plaintiffs rely was void as in violation of the mentioned section. Sufficient for our purpose now is to call attention to this as a highly important and probably decisive fact issue to be tried and determined upon issues to be framed by appropriate pleadings.

One further thought: It seems rather apparent in any event, and on plaintiffs' theory too, that they clothed the insurance company with indicia of absolute ownership of the mortgage in question. Relying thereon, it is possible the insurance commissioner licensed defendant to do business. Equally so, the policyholders may have taken and paid for their policies upon the strength of full compliance with the law. That applies also to the corporation's creditors. The resulting estoppel of plaintiffs now to reclaim their security or its proceeds as against the policyholders and creditors of the company may be complete. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 3177, 3204, and cases cited under notes.

Order reversed and cause remanded for further proceedings in harmony with this opinion.

So ordered.