## STATE, BY ATTORNEY GENERAL, v. MARTIN RILEY AND OTHERS.
## ELI OSTER KEARNEY AND C. F. McCARTHY, CLAIMANTS.[1]

June 7, 1940.

Nos. 32,334, 32,345.

*H. A. Irwin,* for appellant C. F. McCarthy.

*A. M. Joyce, Kay Todd,* and *R. H. de Lambert,* for appellant Eli Oster Kearney.

STONE, JUSTICE.

Cross appeals from an order distributing money paid into court under an award in a highway condemnation proceeding. One claimant was C. F. McCarthy, and the other a family group

[1]Reported in 293 N. W. 95.

which we designate as the "Kearneys." The rivals each insist that the other is entitled to no share of the fund.

The condemned property was a small tract in the village of Savage. Record title was in the Kearneys, McCarthy claiming by adverse possession.

The record in the condemnation proceeding is not before us. The issue of ownership was presented upon pleadings similar in form and theory to those in an action to determine adverse claims. The amount of the award on deposit is $4,800. As result of the first trial, there was an order awarding McCarthy $4,425 and the Kearneys $375. A motion for new trial was granted and additional evidence received. As result, the first order was vacated and that under review was entered, distributing the fund as follows:

To State of Minnesota....................$    50.00
To C. F. McCarthy........................  2,187.50
To the Kearneys and their attorney........  2,562.50

Inasmuch as we order a new trial, we state only enough facts to explain that result. Our statement is without prejudice to any evidence that may be offered in the new trial, making the situation appear other than it does from this record.

At the time of the condemnation McCarthy owned a dwelling house on the tract. If, as was determined, the Kearneys owned the fee, McCarthy concededly occupied the ground with his house, under a revocable license. The dwelling was his personal property, with right of removal. After the condemnation he did remove it.

The theory of allowing him $2,187.50 was that he should be compensated for the termination of his license and the expense of removal. The item of $50 went to the state because, under the award of the commissioners, it was entitled thereto if the house was removed, as it has been. The award to the Kearneys and their attorney was upon the theory that they were to get all there was after McCarthy was cared for.

From this record and the order below, the only inference possible as to McCarthy's rights is that already stated, that he occupied the property under revocable license and with unconditional right to remove it if the license were revoked. If that is the situation, it is impossible to see any basis for a claim by him to any part of the fund. His house was not taken. The condemnation revoked his license to occupy the ground. He removed his building, which was his only right. So he was not damaged, if, as determined below, he did not own the land.

There is in the order a statement that the land, without the house, was worth $375. It follows that the Kearneys have not been damaged in any other or greater sum than $375, and should be paid no more from the fund in question.

1. The determinative issue is one of title to real estate. It was tried and determined on the merits, but without findings of fact and conclusions of law separately stated as required by 2 Mason Minn. St. 1927, § 9311. Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140. Both need of practice and demand of statute are for a decision that, so far as may be, is self-explaining and so self-sustaining. Mienes v. Lucker Sales Co. 188 Minn. 162, 166, 246 N. W. 667.

True, we have the conclusion that the Kearneys, not McCarthy, owned the fee. But there is no separate statement of findings of fact upon which McCarthy's claim of title by adverse possession was disallowed. For procedural reasons alone, the case should be remanded for separately stated findings of fact and conclusions of law as required by statute.

2. But there is more than that to this case. On the present record and order, for plain reasons, it is impossible to justify any allowance to McCarthy. It is equally impossible to find that the Kearneys have good claim for more than $375. That is the value judicially placed on the land, which is the only property taken. To permit the claimants, or either of them, to take all the $4,750 would therefore be a gross miscarriage of justice. So the case is remanded for new trial of all the issues, and for the participation therein of the state, if the

attorney general elects to apply for and procures leave to inter-vene, in order, if possible (we do not consider whether it is or not), to recover for the state that portion of the fund in question to which the present claimants fail to show just claim, well founded both in fact and law.

So ordered.