STATE, BY HARRY H. PETERSON, ATTORNEY GENERAL,
v. L. A. ANDERSON (ANDREWS) AND OTHERS.
MICHAEL FERCH, APPELLANT.
J. J. PURCELL, RESPONDENT.[1]

April 12, 1940.

No. 32,475.

*J. O. Haugland, Thompson, Hessian & Fletcher,* and *Byron W. McCullagh,* for appellant.

*Paul J. Eastvold,* for respondent.

PER CURIAM.

Appellant moves that we remand this cause to the trial court so as to permit a hearing upon his motion for amended findings or, if that be denied, that he be permitted to move the court to make its memorandum a part of the order here for review, the memorandum not having been made a part of it. In this behalf

[1]Reported in 291 N. W. 605.

appellant claims that the facts "are practically without dispute"; hence if the court makes findings of fact and conclusions of law, in accordance with statutory requirements (2 Mason Minn. St. 1927, § 9311), there is little, if any, likelihood that a transcript need be procured, thus lessening appeal expense.

1. The jurisdiction of this court to hear and determine the propriety of entertaining this kind of motion has been sustained by our prior decisions. Kroning v. St. Paul City Ry. Co. 96 Minn. 128, 104 N. W. 888, and cases therein cited.

2. We gather from the order and memorandum that fact issues were tried and determined by the court. The controversy relates to the ownership of a fund deposited with the clerk of the district court in payment of damages allowed in a condemnation proceeding. By its order the court directs the clerk "to pay all taxes that may be due on the land"; next that he pay "any and all legal fees that may arise from the proceedings"; and, lastly, that he pay "the balance to" respondent. The right to this fund depends upon the ownership of the land, a matter concerning which the record title may be highly important, perhaps controlling.

The order on its face appears to be a final one in a special proceeding and affecting a substantial right. As such it is appealable. 2 Mason Minn. St. 1927, § 9498(7). Or, perhaps, it may be classed as one "involving the merits of the action or some part thereof." *Id.* subd. 3.

It is always desirable that legal issues to be determined here should have for their foundation definite findings made by the court. By 2 Mason Minn. St. 1927, § 9311, it is provided that:

"When an issue of fact has been tried by the court, the decision shall be in writing, the facts found and the conclusions of law shall be separately stated, and judgment shall be entered accordingly."

This requirement has been pointed out in several of our cases, among them Pioneer Land & Loan Co. v. Bernard, 156 Minn. 422, 195 N. W. 140; Fredsall v. Minnesota State L. Ins. Co. 207 Minn. 18, 289 N. W. 780.

Our present inquiry is necessarily limited to a determination of whether the present opportunity sought by plaintiff should be granted. A *prima facie* showing has been made, at least to the extent that the court should make findings upon all determinative fact issues. These, as well as the conclusions of law, should be separately stated.

It is therefore ordered that the cause be remanded to the district court for the indicated purpose. In event further time is required to enable appellant, in the exercise of due diligence, to present his record and briefs here, such further stay may be considered upon due application therefor.

So ordered.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.