BERTHA K. SYBILRUD v. HJALMER W. SYBILRUD.[1]

April 19, 1940.

No. 32,315.

*Meighen, Knudson & Sturtz,* for appellant.
*Frundt & Morse,* for respondent.

STONE, JUSTICE.

Defendant appeals from a judgment awarding his wife an allowance for separate maintenance.

By her complaint plaintiff asked a decree as for separate maintenance. In his answer defendant formally admitted the separation (there had been a prior action for divorce, brought by defendant, in which the divorce was denied) and that the parties were "uncongenial and * * * unable to live together and * * * should be separated and live apart." Defendant's prayer for relief invited an "order for separation and separate allowance for

[1]Reported in 291 N. W. 606.

support money of the plaintiff," asking in addition "that the court make such order only for such amount as the defendant can reasonably pay and that such allowance be contingent upon the plaintiff vacating the house of said defendant which she now occupies."

True, the findings of fact and conclusions of law do not explicitly label the judgment ordered as one for separate maintenance. But that is their unavoidable implication. It could not well be otherwise in view of the theory of pleadings and trial. There is no merit therefore in the assignment of error and supporting argument that the judgment is not authorized by the findings of fact and conclusions of law.

The judgment is also under attack as to amount, which is said to be beyond the capacity of defendant to pay. The record makes that issue one of fact. The allowance of $120 a month to plaintiff might have been but was not conditioned upon her vacation of the family home. Upon defendant remains the additional burden of keeping the place insured and taxes paid. Without going into detailed figures, the evidence shows that for some years defendant has so well practiced his profession as physician and surgeon in a rather small community as to bring him a gross annual income of not less than $8,000. The refusal of the trial judge, implicit in his decision and expressed in the explanatory memorandum, to believe defendant's estimates of his necessary professional expenses was justified.

It is significant that defendant admits an expenditure of $2,000 to $2,500 a year for the maintenance and education of two minor daughters, one of them in a California college and the other in a California high school. It is not explained why the one in high school should not be at home with her mother, nor why it is expedient to send the college girl quite so far from home. Anyway, there is obvious room for some economy in that direction.

It may be a case where a greater spirit of accommodation between the parties, with a view to reducing to a minimum the expenditures necessary for the proper maintenance of mother and daughters, would go far, not only to bring about economy of money, but also a lessening of friction.

Plaintiff is granted an additional allowance of $200 for attorneys' fees incurred in this court.

Judgment affirmed.