STATE, BY HARRY H. PETERSON, ATTORNEY
GENERAL, v. L. A. ANDERSON (ANDREWS)
AND OTHERS.
MICHAEL FERCH, APPELLANT.
J. J. PURCELL, RESPONDENT.[1]

September 27, 1940.

No. 32,475.

*J. O. Haugland, Thompson, Hessian & Fletcher,* and *Byron W. McCullagh,* for appellant.

*J. J. Purcell, pro se,* and *Carl J. Eastvold,* for respondent.

[1]Reported in 294 N. W. 219.

JULIUS J. OLSON, JUSTICE.

In State, by Peterson, v. Anderson, 207 Minn. 357, 291 N. W. 605, we had for consideration a motion made by appellant, Ferch, that the cause be remanded to the trial court so as to permit a hearing on his motion for amended findings or, if that be denied, for permission to move the court to make its memorandum part of the order here for review. In the mentioned opinion we said (207 Minn. 359, 291 N. W. 606): "A *prima facie* showing has been made, at least to the extent that the court should make findings upon all determinative fact issues. These, as well as the conclusions of law, should be separately stated." So we remanded the cause "to the district court for the indicated purpose."

Pursuant to his plan and expressed desire, appellant made his alternative motion. This was heard, and on April 30, 1940, the court granted the alternative part of it but refused to make additional findings or to amend its former order otherwise.

It is to be regretted that the court did not see fit to heed our direction in respect of making findings "upon all determinative fact issues." The statute requires this, and our cases are in full accord with its manifest and wholesome purpose. In many cases adequate findings upon all determinative facts may make it unnecessary to go to the expense of procuring transcripts and printing extensive records. This statutory requirement should be met in all cases where the trial is had by the court. It is to be hoped that in the future this requirement will be strictly observed.

The memorandum leaves much to be desired. However, the court having granted the alternative asked for by appellant, he is hardly now in position to predicate error because the court denied the motion otherwise. So, treating the memorandum as the court's findings, aided by other facts disclosed by the pleadings and exhibits re-

ceived in evidence, the following are the facts upon which decision must rest:

In August, 1916, the firm of Ferch Brothers, consisting of Charles J., Christopher F., and appellant, Michael, established title to the property here involved by virtue of a judgment. A certified copy was recorded in the office of the register of deeds. Under its provisions $500 remained to be paid by virtue of an outstanding contract for deed. On October 25, 1921, a money judgment was entered against appellant, Michael Ferch, and C. F. Ferch "individually and as surviving members of the copartnership of Ferch Brothers, and said copartnership as such." The plaintiff in that action was Security Land & Loan Company. On July 31, 1929, the involved premises were sold on execution sale under that judgment, and respondent, attorney for the plaintiff in that action, "having an assignment of said judgment with the name of the assignee in blank, bid in the land personally at said execution sale." He paid the sheriff's costs of sale and in January, 1930, demanded a sheriff's certificate. At that time $500 was still due and unpaid under the mentioned contract for deed with some accumulated interest. In 1936 the involved premises were taken by the state under condemnation proceedings. The award was paid to the clerk of court. Not until May 1, 1939, was the sheriff's certificate executed and delivered to respondent. The court concluded that appellant "is not in a position to claim a right superior to the right of J. J. Purcell," hence that the money on deposit with the clerk (less certain items not presently involved) should go to respondent as the owner of the premises by virtue of the execution sale. As was said in our former opinion (207 Minn. 358, 291 N. W. 605): "The controversy relates to the ownership of a fund deposited with the clerk of the district court in payment of damages allowed in a condemnation proceeding." And that controversy now is limited to appellant, Ferch,

and respondent, Purcell, all other parties to this proceeding now being out of the picture.

The only order before us is that of January 9, 1940, as amended April 30. And that amendment, as we have seen, is limited to making the court's memorandum a part of the former order. Appellant for the first time on his alternative motion to amend the findings or to make the memorandum a part of the original order asked, in event the alternative motion were denied, for a new trial based upon "errors of law occurring at the trial and excepted to at the time; also that the decision of the court is not justified by the evidence and is contrary to law."

The motion for new trial is not before us, there being no appeal from it. There is neither settled case nor bill of exceptions. Let us nevertheless assume the question is before us, still appellant is out of luck.

■ The part of the order denying appellant's motion for amended findings is of course not appealable. Such an order may be the ground of an assignment of error, but it does not sustain an appeal. Hoyt v. Kittson County State Bank, 180 Minn. 93, 94, 230 N. W. 269.

■ This court will not review the decision of a lower court upon any question of fact unless the record contains all of the evidence introduced on the trial pertaining to such question. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 343, and cases cited under notes.

■ The same holds true in respect to an appeal from a judgment where such bill of exceptions or case is omitted. In such cases the only question that the court may consider is whether the conclusions of law embodied in the judgment are warranted by the findings. *Id.* § 344, and cases cited under notes.

■ Accepting the facts as found by the court, we think the result flowing therefrom can be no other than as determined by the court.

That the order of January 9 was an appealable one was considered and determined in our former opinion upon the theory that it was [207 Minn. 358] "a final one in a special proceeding and affecting a substantial right," or as one involving the merits of the action or some part thereof." 2 Mason Minn. St. 1927, § 9498(3, 7).

Viewing appellant's contentions from every angle, we find no ground upon which to reverse.

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.