## MARIE GUBBINS AND ANOTHER v. MILTON IRWIN (FORMERLY GOLDSTEIN) AND OTHERS.[1]

June 13, 1941.

No. 32,842.

*Louis Leibo* and *Mart M. Monaghan,* for appellants.
*Guesmer, Carson & MacGregor,* for respondents.

[1]Reported in 298 N. W. 715.

JULIUS J. OLSON, JUSTICE.

In this, a so-called minority stockholders' suit, the findings were for defendants. Plaintiffs' alternative motion for amended findings or new trial was denied. Judgment was then entered. After entry, the court granted defendants' motion to discharge the notice of *lis pendens* theretofore filed and also certain garnishment proceedings instituted by plaintiffs. Plaintiffs appealed from both judgment and order.

The basis upon which plaintiffs' claim rests for reversal here is that the evidence for them is of such compelling weight and consequence as to overthrow the findings of the court below and that in their stead we should substitute those proposed by them. Unfortunately, plaintiffs have procured neither a settled case nor bill of exceptions. Instead, we are furnished only with short excerpts from the court reporter's minutes. These the trial court certified as containing "a true statement of that part of the evidence * * * shown in the transcript," but that it "does not contain all the material evidence received on said trial." A reading of the entire printed record leaves no doubt that it wholly fails to meet the requirements of either a settled case or bill of exceptions.

■ It is, of course, elementary that to secure a reversal here the burden is upon appellant to show prejudicial error.

■ Nor will this court review the decision of the trial court upon mere questions of fact unless the record contains all the evidence introduced on the trial pertaining to such questions. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 343, and cases under note 76; *Id.* § 344.

■ Equally well established is the rule that in such a case the record on appeal should affirmatively and unequivocally show, either in the body of the case or the certificates of the judge, that the case contains all the evidence introduced on the issue of fact raised in the appellate court. *Id.* § 352, and cases under note 58.

■ In view of the situation presented and inasmuch as the findings well sustain the conclusions of law, we are not in position to interfere. Nor is it likely that Judge Montgomery went wrong

in determining the facts. Perhaps that is why plaintiffs have refrained from procuring a settled case containing all the evidence bearing upon the issues presented to him.

In respect to the appeal from the order, it is sufficient to say that this is of no importance now since both are ancillary to the main cause.

Judgment and order affirmed.