IN RE COUNTY DITCH NO. 1-A, YELLOW MEDICINE
COUNTY.
F. A. SCHROEDER AND OTHERS v. W. C. BUSACK
AND OTHERS.[1]

January 19, 1951.

No. 35,283.

---

[1]Reported in 47 N. W. (2d) 592.

*O. A. Lende, L. P. Johnson,* and *Robert E. Debel,* for appellants.

*L. J. Lauerman* and *G. P. Smith,* for respondents.

*Julian E. Morten* filed a statement as *amicus curiae* in behalf of the contention of appellants.

THOMAS GALLAGHER, JUSTICE..

Petitioners seek establishment of county ditch No. 1-A in Yellow Medicine county, and they appeal from an order of the district court, made on appeal from an order of the board of county commissioners establishing such ditch, which dismissed all proceedings for such purpose.

Two petitions dated April 19, 1944, sought the establishment of a ditch approximately nine miles in length entirely within the county. Subsequently, an engineer appointed by the board filed a report recommending or proposing a ditch approximately 45 miles in length. Based on such report and the report of viewers also appointed by the board, the board determined that the benefits to be derived from the proposed 45-mile ditch would exceed the cost thereof, and on August 20, 1947, made an order establishing it.

Interested property owners, herein referred to as objectors, opposed establishment of the ditch as thus ordered, and on September 5, 1947, instituted an appeal to the district court from the order of August 20, 1947. The court heard the matter *de novo,* and on February 8, 1949, made its order determining "That the cost of

said drainage system exceeds the benefits as set forth in said Viewers report" and that the board's order establishing the ditch be "revoked, annulled and set aside." It further ordered the engineer to submit a new report more within the scope of the dimensions of the ditch proposed in the original petitions.

This new engineer's report was filed January 16, 1949. Viewers likewise appointed by the court made their new report on December 12, 1949. On April 12, 1950, after a subsequent hearing and upon objectors' motion for dismissal, the court made its order as follows:

"The Court being fully advised in the premises and having duly considered the matter, and the viewers' report showing that the cost of the ditch exceeds the benefits, now therefore;

"It is hereby ordered that said motion, that the proceedings, herein, be dismissed be and the same hereby is granted."

From this order the present appeal is taken.

On appeal, petitioners assert that under L. 1925, c. 415, § 32, *in effect when these proceedings were commenced,* no appeal to the district court was authorized, and they move for dismissal of these proceedings. Objectors, on the other hand, claim that L. 1947, c. 143, § 63, subd. 4 (M. S. A. 106.631, subd. 4), *in effect at the time of the appeal,* should govern. The latter act provided:

"Any party aggrieved thereby may appeal to the district court * * * from any order made by the county board dismissing the petition * * * or establishing or refusing to establish any drainage system."

By L. 1947, c. 143, § 67, the statutes in effect when the proceedings here were first instituted were repealed, "save only as to * * * proceedings * * * not completed at the effective date of this act." As to such proceedings, it was specified:

"* * * Any proceedings so instituted and incomplete at the effective date of this act *may be completed under the provisions of the laws under which the same were instituted;* and for such purpose the provisions of such laws shall continue and apply to

such proceedings. In proceedings pending at the effective date hereof, *the board or court may avail itself of the provisions of this act when such course appears to be in the public interest.*" (Italics supplied.)

Petitioners assert that the saving clause above set forth clearly manifested a legislative intent to leave in full effect the prior law, both as to substance and proceedings, insofar as it concerned pending or uncompleted cases previously instituted thereunder, such as the present proceedings.

■ To determine this question, consideration must be given to statutory rules of construction covered by M. S. A. 645.21 and 645.35. The former provides that no law shall be construed as retroactive unless clearly and manifestly so intended by the legislature. The latter specifies that the repeal of any law shall not affect any right accrued, any duty imposed, any penalty incurred, or any proceeding commenced under or by virtue of the law repealed. Construing these statutes, we have held that where nothing in a newly enacted law indicates a contrary purpose, even in pending cases, questions of procedure and evidence not affecting substantive rights are governed thereby rather than the statute previously in effect. See, Ogren v. City of Duluth, 219 Minn. 555, 18 N. W. (2d) 535.

■ An examination of § 106.631 and the saving clause above set forth readily establishes that there is nothing therein which would prevent § 106.631 from operating prospectively as to then pending or uncompleted cases. On the contrary, the saving clause plainly provides that "the board or court may avail itself of the provisions of this act when such course appears to be in the public interest." This would constitute ample authority for permitting the present appeal in the public interest, and we so hold. This is particularly true since no vested rights of the parties are affected thereby.

■ There remains for consideration the question whether the order of April 12, 1950, was proper. In substance, it determined that the benefits to be derived from the proposed ditch did not exceed the cost thereof. No record or transcript of the proceedings

is presented here, so this court may not determine whether the evidence submitted was sufficient to support this finding. It must be accepted as established. Gubbins v. Irwin, 210 Minn. 428, 298 N. W. 715; State, by Peterson, v. Anderson, 208 Minn. 334, 294 N. W. 219; see, In re Establishment of Judicial Ditch No. 75, 172 Minn. 295, 215 N. W. 204, 216 N. W. 229; 1 Dunnell, Dig. & Supp. § 343.

■ We can decide, then, only whether the order of dismissal based upon the foregoing finding was proper. Section 106.201, subd. 1, provides: "If it shall appear that the benefits are not more than the total cost, including damages awarded, * * * the petition shall be dismissed." Section 106.631, subd. 4, expressly authorizes the court to "examine the whole matter and receive evidence to determine whether the findings made by the county board can be sustained." It further directs that if the order appealed from is arbitrary, unlawful, or not supported by the evidence, the court shall make such order to take its place as is justified by the record before it, or shall remand such matter to the county board for further proceedings before it.

The foregoing provisions make it clear that on an appeal such as this the district court is authorized to receive and consider new evidence therein and to determine whether the evidence, including the new evidence and that submitted before the board, is sufficient to sustain the board's finding. Where the court determines that the evidence is inadequate to sustain the board's findings, it may either remand the matter to the county board for further proceedings there or, in the alternative, make such order as it deems justified to take the place of the order appealed from. Clearly, this would authorize the present order of the district court dismissing the proceedings involving the 45-mile ditch, and accordingly it must be affirmed.

Affirmed.