IN THE MATTER OF THE PETITION OF FRED W. ORTH
AND ROBERT B. HENTON FOR THE ALLOWANCE OF
THEIR ACCOUNT AND THEIR DISCHARGE AS TRUSTEES
OF AUGUST WALTERS.

FRED W. ORTH AND OTHERS v. ROY WALTERS AND
OTHERS.[1]

March 29, 1923.

No. 23,311.

**Order not appealable.**
> Neither an order for judgment nor an order determining the effect
> of evidence is appealable.

Fred W. Orth and Robert B. Henton petitioned the district court
for Renville county for the allowance of their final account as trus-
tees; for an order fixing their compensation and for distribution of
the residue. Roy Walters and other beneficiaries filed objections to
the petition. The matter was heard by Daly, J., who made findings
that the trust deed was legal and regular in every respect and that
it was in no respect testamentary in character. From the order
finding that the trust deed was a trust deed legal and regular in
every respect, objectors appealed. Dismissed.

*A. C. Severson,* for appellants.
*John A. Dalzell,* for trustees.
*J. M. Freeman,* for Herman Walters.

HALLAM, J.
Plaintiffs brought into the district court an instrument purport-
ing to constitute them trustees of certain property, submitted what
purported to be their final account as such trustees, and asked for
its allowance and for an order fixing their compensation, and for
distribution of the residue and for their discharge. On the hearing
of their petition, defendants objected that the trust agreement was

[1]Reported in 192 N. W. 936.

testamentary in character and invalid because not executed with the formalities of a will, that the grantor was incompetent, and they put plaintiffs to proof as to the correctness of the account.

On the hearing the court made an order, reciting that the parties had agreed that the only question to be determined by the court was whether the instrument was a deed of trust or an instrument, testamentary in character, and then proceeded to find that the instrument was a trust deed, not testamentary in character, ordered that further hearing might be had on ten days' notice by either party, and ordered a judgment to be entered. From this order an appeal is taken. The final account was not allowed. No distribution was ordered. While the order provided for further hearing, the purpose of the hearing it did not state. It may be doubted if the order is anything more than a ruling on the effect of evidence. Surely it is not more than an order for judgment, and not a final judgment at that. In no aspect is it an appealable order. The appeal must therefore be dismissed.

Appeal dismissed.