## WILLIAM WEISMAN REALTY COMPANY v. ISADORE COHEN AND OTHERS.[1]

October 31, 1924.

No. 24,188.

**Only part of order appealable.**

1. An order striking out an answer as sham and frivolous and granting plaintiff judgment is appealable only as to that part which eliminates the pleading.

**Answer sham.**

2. The answer was clearly shown to be sham and frivolous.

Action in ejectment in the district court for Hennepin county. From an order, Buffington, J., striking out defendants' answer as

[1]Reported in 200 N. W. 636.

sham and frivolous and granting judgment on the pleadings in favor of plaintiff, Isadore Cohen appealed.   Affirmed.

*S. Louis Shore,* for appellant.

*J. E. Brill* and *L. B. Schwartz,* for respondent.

HOLT, J.

The appeal is from an order striking out defendants' answer as sham and frivolous, and granting plaintiff judgment.

That part of the order giving plaintiff judgment is not appealable and will not be considered, but the part striking the answer is and will be reviewed.

The action is in ejectment.   The complaint alleges that, in 1914, the Arcade Investment Company, a corporation, which then owned Temple Court in Minneapolis and the ground covered by that building, leased two stores therein to the defendant Cohen for the period ending December 31, 1922, at a stipulated monthly rental; that on April 11, 1919, the lessor gave the lessee a written option to renew the lease for an additional term of 5 years upon giving 6 months' notice of his intention to do so before the expiration of the lease, which option was executed without consideration; that January 16, 1920, the Arcade Investment Company sold and conveyed the premises to plaintiff by deed duly recorded on that date; that the purchase was made subject to existing leases; that Cohen claims that he exercised his option by serving notice March 20, 1922, upon plaintiff, and he now insists that he has thereunder the right to remain, though the term of the original lease is ended.   The lease and the option are a part of the complaint.

The defendant Weinberg, sublessee of one store, has not answered. The joint answer of Cohen and the sublessees of the other store, Weiss and Latinsky, admits the allegations of the complaint, except as therein denied or qualified, and then alleges the option was given for a consideration, and that it had been duly exercised.   The consideration pleaded is, in substance, that the Arcade Investment Company desired the defendants, Weiss and Latinsky, to become sublessees of Cohen, and for his accepting them as subtenants of the one store the Arcade Investment Company executed the option;

also that these subtenants had been given the sublease and and had made valuable improvements, and hence there had been such part performance that defendants should have a decree for specific performance, in case the option proved unavailing. An attempt was also made to plead, as res judicata, a judgment in the municipal court of Minneapolis in an unlawful detainer action by plaintiff against defendants in which defendants prevailed on the ground that the option was valid and had been exercised. The answer is very long, but it is deemed this summary suffices for an understanding of the question involved.

When the motion to strike was submitted the judgment of the municipal court had been reversed (William Weisman Realty Co. v. Cohen, 157 Minn. 161, 195 N. W. 898), on the ground the option was void under the statute of frauds. This, of course, was not determinative of the question whether or not facts existed under which defendants could be granted equitable relief, but it was res adjudicata that the option was invalid. So the only defense open to defendants would be estoppel or the right to specific performance and the question presented is: Does the showing clearly prove the answer in that respect either sham or frivolous? There can be no estoppel. The sublease to Weiss and Latinsky, which was produced at the hearing, provides that, as to an additional term, it is made subject to Cohen exercising his option and obtaining an extension. Hence the right of Weiss and Latinsky to any relief by the terms of the sublease is made wholly dependent upon Cohen's right thereto, and as to Cohen there can be no estoppel, for it appears that, by giving this sublease for the remainder of the original term, he obtained more rent per month for the one store than he was paying for both. He assumed no absolute obligation to give Weiss and Latinsky another term, nor did he, by making improvements or in any other manner, place himself in a disadvantageous position because of the option.

The answer was verified by Cohen. The allegations that the sublessees named had made valuable improvements relying upon the agreement in the lease for an additional term were made upon in-

formation and belief. In an affidavit plaintiff denied that any improvements had been made, and on such attack neither of the sublessees offered to substantiate the answer in that respect. This justified the court in considering it sham as to improvements.

It is also apparent that the answer must go down as frivolous, even conceding expenditures and improvements to have been made, for, if made, they were made while the original term was running and are referable to rights existing thereunder, and cannot be held referable to future contingent rights under anticipatory possession or leases. Koch v. Fischer, 122 Minn. 123, 142 N. W. 18; Chapel v. Chapel, 132 Minn. 86, 90, 155 N. W. 1054. And as already noted the very terms of the sublease negative the right of the subtenants to place reliance on their getting an additional term, for it was conditioned upon Cohen getting one. It is therefore clear that the facts alleged in the answer can neither estop plaintiff from denying that the option for another term ever became effectual, nor furnish a basis for a claim that there has been part performance of such additional term so as to entitle to specific performance.

The order is affirmed.