EDWARD P. PALMER AND ANOTHER v. FIRST
MINNEAPOLIS TRUST COMPANY.[1]

February 21, 1930.

No. 27,646.

[1]Reported in 230 N. W. 257, 258.

382

*Tryon & Everett* and *Phillip J. Riordan,* for appellants.
*Stinchfield, Mackall, Crounse & McNally,* for respondent.

STONE, J.

Action to cancel upon the ground of usury certain notes and the deed of trust securing them. The trial without a jury resulted in a decision for defendant, judgment being ordered in its favor.

■    There was no motion for a new trial, and the attempted appeal is from the order for judgment, a nonappealable order. Hence the appeal must be and is dismissed. Orth v. Walters, 155 Minn. 131, 192 N. W. 936; Wm. Weisman Realty Co. v. Cohen, 160 Minn. 440, 200 N. W. 636; Brochin v. Lifson, 172 Minn. 51, 215 N. W. 180; 1 Dunnell, Minn. Dig. (2 ed.) § 295, and cases cited under note 72. The dismissal is without prejudice to the right of plaintiffs to have judgment entered and then to appeal from the judgment. If that is done the case will be considered upon the record and briefs already here, subject however to considerations which remain to be mentioned.[2]

■    There is what purports to be one finding of fact, that "the evidence fails to establish the cause of action set out in the complaint herein." That is no finding of fact but a mere legal conclusion from the facts. The statute, G. S. 1923 (2 Mason, 1927) § 9311, requires, in cases tried without a jury, findings of fact and conclusions of law separately stated. We have had occasion before to note failures to comply with the statute. Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140; Goodhue County Nat. Bank v. Fleming, 168 Minn. 50, 209 N. W. 533; Morrissey v. Morrissey, 172 Minn. 72, 214 N. W. 783; Hawkins v. Foasberg, 175 Minn. 252, 220 N. W. 951. We need not repeat what was said in those cases. If counsel expect us to review the case on appeal from the judgment, they should procure findings of fact and conclusions of law as required by the statute.

[2]See following opinion.

In view of the possible appeal from the judgment, it seems advisable to refer to a point presented by the record but not discussed in the briefs. The notes and mortgage are in evidence together with an application for the loan. In the latter plaintiffs as borrowers agreed to pay certain enumerated expenses, including the cost of title insurance, a guaranty of the notes by a surety company, and the trustee's fees. In the brief for appellants is this:

"Assuming that these items were proved by the defendant and were deductible from the amount received by the lender, the loan would return to the lender $193.17 *less* than eight per cent. It is to be observed, however, in the record that the proof of these items was not made."

If the return on the loan was less than eight per cent per annum there was no usury. G. S. 1923 (2 Mason, 1927) § 7036.

Our statute against usury is highly penal. The presumption is that the contracts in question were lawful, that they did not offend the law. The record shows that plaintiffs, as borrowers, agreed to assume the expenses in question and that such expenses were incurred. The question then arises, did plaintiffs meet the burden imposed upon them without evidence that even after paying all the expenses they agreed to pay the return to the lender was usurious? We express no opinion one way or the other, but the question seems to arise on the record. So it might be well for counsel, if the case returns here after judgment, to submit supplemental briefs on that one problem.

Appeal dismissed.

March 28, 1930.

No. 27,986.

*Tryon & Everett* and *Phillip J. Riordan,* for appellants.
*Stinchfield, Mackall, Crounse & McNally,* for respondent.

STONE, J.

This case is now before us on plaintiffs' appeal from the judgment, amended findings of fact and conclusions of law having been procured and judgment for defendant entered thereon since the rendition of our former opinion.

The judgment must be and is affirmed. The burden is upon the party asserting usury as the ground of his cause of action or defense to negative by his proof every reasonably "supposable fact which, if true, would render the transaction lawful." Central B. & L. Assn. v. Lampson, 60 Minn. 422, 424, 62 N. W. 544. As we have already suggested, the application for the loan (evidenced by the notes and mortgage which plaintiffs want canceled because of usury) is in the record. Thereby plaintiffs as borrowers agreed to pay certain enumerated expenses to be incurred in making the loan. The record stops short of showing the amount of them. It does suggest that if the amount were known it would appear that the actual return to the lender would have been less than the eight per centum per annum permitted by law. But that is not important. The important thing is that plaintiffs have not sustained the burden of proof resting upon them to show that, even after the payment out of the loan of the expenses chargeable to the borrowers, the

return to the lender was usurious. In consequence the judgment must be and is affirmed.

Affirmed.

[1]Reported in 229 N. W. 348.