**Angel CONKLIN, Appellant,**

**v.**

**Michael Wayne CONKLIN, Appellee.**

**No. 97–2081.**

Supreme Court of Iowa.

Nov. 25, 1998.

· James Kringlen of the Legal Services Corporation, Iowa City, for appellant.

J. Michael Metcalf of Metcalf, Conlon & Siering, P.L.C., Muscatine, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Appellant, Angel Conklin, filed a petition for relief from domestic abuse pursuant to Iowa Code section 236.3 (1997). She alleged her husband, appellee Michael Conklin, had burned her with a cigarette on three occasions, and that he had threatened her life and that of their son. A temporary protective order was issued and a hearing was scheduled for consideration of a permanent order. *See* Iowa Code § 236.4.

The day before the scheduled hearing, Michael filed a petition for dissolution of marriage. He served Angel with a copy of the petition immediately prior to the hearing on Angel's domestic abuse petition. At the domestic abuse hearing, the court heard conflicting evidence from Angel, Michael and other witnesses concerning Michael's alleged abuse of Angel. After the parties rested, Michael's attorney informed the court of the pending dissolution action. Upon learning of the dissolution action, the court stated it would enter a no-contact order in that case.

Later the same day, the court filed an order that bore the caption and case numbers for the domestic abuse action and the dissolution action. The court dismissed Angel's petition for relief from domestic abuse, but assessed costs to Michael. In the same order, the court entered an injunction in the dissolution case. This injunction applied to both parties and prohibited them from having any contact with each other during the pendency of the dissolution action other than for purposes of visitation between Michael and the couple's son.

Angel filed a motion to enlarge the court's findings and conclusions to include a no-contact order in the domestic abuse case. *See* Iowa R. Civ. P. 179(b). She pointed out that a mutual protective order is specifically prohibited by Iowa Code section 236.20 unless both parties file a petition requesting such relief. (Michael had not sought a protective order.) The court denied Angel's motion, stating that "the merging of the protective order under ... a 236 domestic abuse petition and the dissolution as filed in this matter under [Iowa Code chapter] 598 is reasonable."

In this appeal of the court's rulings, Angel claims the court erred in failing to make specific findings of fact and conclusions of law concerning her claim of domestic abuse, as required by Iowa Rule of Civil

Procedure 179(a) (1997).[1] She also alleges error in the court's dismissal of her domestic abuse petition and the court's entry of a mutual no-contact order in the dissolution action. We review this equity case de novo. *See Knight v. Knight,* 525 N.W.2d 841, 843 (Iowa 1994).

I. *Error preservation.* Michael claims Angel did not preserve error on her claim that the district court failed to make specific findings of fact and conclusions of law regarding whether domestic abuse occurred because she did not request such findings or conclusions in her rule 179(b) motion. We think, however, that the necessity to enlarge the order to include findings with respect to the facts supporting a claim of domestic abuse and a conclusion that there was domestic abuse was inherent in Angel's request that the court enter a protective order in the domestic abuse case. *See* Iowa Code § 236.5 (requiring a finding that the defendant engaged in domestic abuse before the court may grant a protective order); *cf. Suckow v. Boone State Bank & Trust Co.,* 314 N.W.2d 421, 424 n. 4 (Iowa 1982) (finding plaintiffs adequately challenged trial court's findings of fact by asking, in their rule 179(b) motion, that court reconsider its decision to grant the defendant's motion to dismiss, a request that "necessarily advance[d] a challenge to" the court's finding of fact upon which the dismissal was based). Therefore, we will consider the merits of Angel's claim that the trial court failed to make findings of fact and state conclusions of law on the issue of Michael's alleged domestic abuse.

II. *Compliance with rule 179(a).* The court made only three references to Angel's claim of domestic abuse in its final order:

(1) "This court finds at this time from the evidence as presented . . . that cause number DACV011255 [the domestic abuse case] shall be and the same is hereby dismissed with costs assessed to the respondent."

(2) "At this point, as indicated, the [temporary] injunction and the petition in cause

number DACV011255 is dismissed and the Order entered therein is quashed. . . ."

(3) "It is further ORDERED that any costs assessed in cause number DACV011255 are assessed to the respondent therein. . . ."

Angel argues these statements do not satisfy rule 179(a), which requires that the court find the facts in writing, separately state its conclusions of law, and direct an appropriate judgment. We agree.

■ As we have noted on a prior occasion, "[i]t is difficult at times to differentiate between findings of fact and . . . conclusions of law." *Pribyl v. Standard Elec. Co.,* 246 Iowa 333, 337, 67 N.W.2d 438, 441 (1954) (citations omitted). "[W]here the ultimate conclusion can be arrived at only by applying a rule of law, the result so reached embodies a conclusion of law and is not then a finding of fact." *Id.* In defining the phrase "finding of fact," other courts have focused on whether the determination is "found on the evidence of a fact averred by one party and denied by the other party." *California Employment Comm'n v. Malm,* 59 Cal.App.2d 322, 138 P.2d 744, 746 (Ct.App.1943) (quoting *Maeder Steel Prods. Co. v. Zanello,* 109 Or. 562, 220 P. 155, 158 (1923)); *accord Miles v. McCallan,* 1 Ariz. 491, 3 P. 610, 611 (Ariz.Terr.1884) ("A finding of fact is a determination of a fact by the court, which fact is averred by one party and denied by the other, and this determination must be founded on the evidence in the case."); *cf. Mikel v. State,* 528 S.W.2d 796, 798 (Mo.Ct.App.1975) (a "finding of fact is . . . a statement by the court as to what facts the court finds to be true which in turn leads the court to form conclusions of law").

Here, a determination of whether Michael committed the acts alleged by Angel would be derived from the evidence, not from applying any rule of law; thus, such a determination would be a finding of fact. Whether the facts found by the court constitute domestic abuse would require the application of law and, thus, would be a conclusion of law. We now examine whether the trial court's

---

1. Rule 179(a) states: "The court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, shall find the facts in writing, separately stating its conclusions of law, and direct an appropriate judgment."

ruling contains such findings of fact and conclusions of law.

Michael relies on the court's statement in its order that the court "finds from the evidence ... that [the domestic abuse action] shall be and the same is hereby dismissed...." We think this statement is insufficient to qualify as a finding of fact or a conclusion of law.[2] *See State v. Kingman*, 77 Wash.2d 551, 463 P.2d 638, 639 (1970) (holding trial court order denying state's petition for an order of public use and necessity for "good cause appearing" did not constitute a finding of fact or a conclusion of law); *cf. Palmer v. First Minneapolis Trust Co.*, 179 Minn. 381, 230 N.W. 257, 258 (1930) ( "There is what purports to be one finding of fact, that 'the evidence fails to establish the cause of action set out in the complaint herein.' That is no finding of fact, but a mere legal conclusion from the facts." ); *Mikel*, 528 S.W.2d at 798 (holding trial court failed to make a finding of fact but rather made a finding of the ultimate question of law—that the defendant's plea was not knowingly and intelligently made). The court simply dismissed Angel's petition and assessed costs against Michael without making any factual findings and without stating whether Michael had or had not committed domestic abuse.

To add to the uncertainty, the rulings entered by the trial court implicate irreconcilable factual findings and conclusions of law. A court may order a defendant to pay court costs only upon a finding that the defendant engaged in domestic abuse. *See* Iowa Code § 236.5(3). But if the court in fact made such a conclusion here, as implied by its assessment of costs, the court should not have dismissed Angel's petition on the merits. Although relief under chapter 236 is not mandated upon a finding of domestic abuse, *see id.* § 236.5(2) (stating "[t]he court *may* grant a protective order" (emphasis added)), there are no circumstances shown by the record to support a denial of relief if the court had, in fact, concluded that Angel had proven domestic abuse by Michael.

This inconsistency in the trial court's final order is illuminated by its ruling on Angel's rule 179(b) motion. In this ruling, the trial court denied Angel's motion to enlarge the findings and conclusions in the domestic abuse case, stating that it was reasonable to merge the chapter 236 protective order and the dissolution protective order. Thus, it appears the trial court dismissed the domestic abuse action simply because a dissolution action had been filed. A defendant's filing of a petition for dissolution of marriage does not deprive the district court of jurisdiction in a domestic abuse action, nor does it relieve the trial court of the responsibility to rule on the merits of the domestic abuse petition. Thus, Michael's filing of a dissolution action did not dispense with the necessity for factual findings and conclusions of law supporting the trial court's dismissal of Angel's domestic abuse action.

In summary, we conclude the trial court failed to make the findings of fact and conclusions of law required by rule 179(a). Angel asks that we reverse the district court and direct it to enter a protective order in the domestic abuse action. Although our review is de novo, we rely on the trial court's assessment of the witnesses' credibility. *See* Iowa R.App. P. 14(f)(7) ( "In equity cases, especially when considering the credibility of

---

**2.** Michael also relies on the court's comments made at the end of the hearing upon learning that a dissolution action had been filed. The court stated, "I will enter an order in the divorce action that the parties have no contact. I will not make a finding of domestic abuse...." Michael claims the court's oral statement constitutes a "finding of fact" that there was no domestic abuse. Rule 179(a), however, requires that the court make *written* findings of fact. Thus, the court's oral remarks do not satisfy the requirement for written findings. *Cf. Wright v. Heizer Corp.*, 560 F.2d 236, 246 (7th Cir.1977)

(holding remarks made by the trial court in denying a motion to dismiss, which were not included in the court's published opinion, could not be treated as "findings of fact" ); *Montgomery v. Wadsworth Plumbing & Heating Co.*, 278 Or. 455, 564 P.2d 703, 705 (1977) (stating antecedent remarks of the trial court that are not incorporated in the written findings or judgment are not considered to be "findings of fact" ); *State v. Kingman*, 77 Wash.2d 551, 463 P.2d 638, 639 (1970) (holding that although trial court's oral opinion may be used as a reference in the interpretation of its written findings of fact, it is not a "finding of fact" ).

witnesses, the court gives weight to the fact findings of the trial court, but is not bound by them." ); *In re Marriage of Vrban,* 359 N.W.2d 420, 423–24 (Iowa 1984) (noting appellate court's heavy reliance on trial court's assessment of the credibility of witnesses). Here, we have no trial court factual findings from which we can determine which witnesses the trial court found most believable. Therefore, we reverse the trial court's order and remand for a ruling that complies with rule 179(a).

■ III. *Mutual no-contact order.* Angel also asks that we reverse the trial court's decision in the dissolution case to issue a mutual no-contact order against Angel as well as Michael. Angel is correct that mutual protective orders are prohibited in domestic abuse cases where the defendant, as here, has neither requested nor established grounds for such relief. *See* Iowa Code § 236.20. Notwithstanding the trial court's clear circumvention of section 236.20 by entering the challenged order in the dissolution case, we are unable in the present proceeding to reverse that portion of the court's order. That is because the mutual protective order was entered in the dissolution case, and that case is not before us in this appeal. Any relief to which Angel might be entitled with respect to the mutual no-contact order must await an appeal of the dissolution of marriage action.

**REVERSED AND REMANDED.**