# IN THE COURT OF APPEALS OF IOWA

No. 18-1155
Filed August 7, 2019

**HEATHER BROOKE ALMEIDA n/k/a HEATHER BERTROCHE,**
Plaintiff-Appellee,

**vs.**

**DAVID JOHN WILCOX ALMEIDA,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

David Almeida appeals the entry of a domestic-abuse protective order.

**AFFIRMED.**

JohnPatrick Brown III of Winstein, Kavensky & Cunningham, LLC, Rock

Island, Illinois, for appellant.

Jennifer Olsen of Olsen Law Firm, Davenport, for appellee.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

David Almeida appeals the entry of a domestic-abuse protective order under Iowa Code chapter 236 (2016) in favor of Heather Almeida.[1] He complains: (1) the final protective order was improperly entered without any findings of fact or conclusions of law, (2) a hearing was not held within the timeframe provided in section 236.4(1) of the code, (3) there was an alleged agreement between the parties to dismiss their competing petitions for a protective order and said agreement should be specifically performed, and (4) the order is not supported by sufficient evidence.[2]

## I.    Background Facts and Proceedings

Upon our de novo review of the record and based upon the evidence we find credible, we make the following factual findings, which are established by a preponderance of the evidence. The parties met in 2012, married in 2014, and had no children together. The relationship had its fair share of ups and downs. As time passed, David became more controlling and began limiting the time Heather was allowed to spend with her friends and family. In late July 2016, there was an incident in which David became angry with Heather and choked her. The next morning, still angry, David choked Heather again.

In early December, David advised Heather he wanted the marriage dissolved. The next day, December 3, David was fired from his job, in which he worked for Heather's father. David filed a petition for dissolution of marriage on

---

[1] Now known as Heather Bertroche.
[2] Heather filed a statement waiving her appellate brief in this appeal. *See* Iowa Rs. App. P. 6.901(1)(b), .903(3).

December 5. On December 7, David moved to Florida. The same day, Heather filed a petition for relief from domestic abuse, in which she alleged David physically abused and threatened her.[3] Specifically, the petition alleged David choked her in late July. Heather testified at trial she was scared of David and nervous when he petitioned for dissolution, so she felt it was the right time to pursue a domestic-abuse protective order.

The court entered a temporary protective order and scheduled a hearing on the petition for December 14. As a result of lack of service on David, the court subsequently entered an order continuing the hearing to January 31, 2017. On January 27, David's counsel moved for a continuance. On January 31, the court entered a comment into the case file noting Heather agreed to the continuance and indicating the parties were discussing settlement. The court noted the parties would "send [it] a proposed order resetting these hearings, if needed."

Nothing occurred in the matter until October, when the State applied for an order to show cause alleging David violated the protective order. An attached affidavit by Heather alleged David violated the order on September 28 and 29 by "stalking" her. In a second affidavit, Heather generally alleged David enlisted others to watch her. The court entered an order directing David to appear and show cause why he should not be held in contempt of court. The court scheduled

---

[3] At some point thereafter, around January 25, David filed a petition for relief from domestic abuse of his own. At trial, David testified the facts underlying his petition occurred in August 2015. He also testified Heather punched him in the genitals in November 2016. David generally testified he fears Heather. In any event, the ultimate disposition on David's petition is not an issue in this appeal.

a contempt hearing for October 25 but continued it to January 17, 2018 upon a stipulated motion to continue.

In November 2017, Heather filed a motion to extend the protective order. The court set the matter for hearing on December 6. The court subsequently granted David's motion to continue the hearing to December 13. On December 5, Heather moved to continue the hearing to January 17, 2018. The court granted the request. The same day, David filed a motion to amend the temporary protective order to reflect Heather's change in residences.

On December 18, 2017, David filed a motion to dismiss. Among other things, David argued Heather's petition and the temporary order should be dismissed under Iowa Code section 236.4(1) because no hearing was held within fifteen days of him receiving notice. Heather resisted, contending David stipulated to continuing the competing protective orders. The court directed the motion to dismiss be heard at the January 17, 2018 hearing. As David recognizes in his brief on appeal, "The court never ruled on the motion" to dismiss. While a hearing was held on January 17, the only order resulting from that hearing in the record on appeal is one finding David not guilty of contempt. Another hearing was held on February 20. The record reflects this hearing amounted to a trial on David's dissolution petition and both parties' petitions for a chapter 236 protective order.[4]

---

[4] The record on appeal is filled with several procedural voids. Before us is the district court record for the proceedings concerning Heather's petition for relief from domestic abuse. The record for that petition was, however, intertwined with the records concerning David's petition for relief from domestic abuse and the petition for dissolution of marriage. We discern that procedural orders were entered in one or both of the other cases that did not make their way into the record for the case now under our consideration. The trial transcript shows all three matters were set for trial on February 20.

Likewise, several exhibits admitted at trial do not appear in the record on appeal. We assume the parties filed those missing exhibits in one or both of the other matters,

Throughout the pendency of these proceedings, David monitored Heather's activities, either on his own accord or through others. On one occasion, David broke into the marital home and took marital property. The temporary protective order, which prohibited David from entering the marital home, was in place at this time. David also removed items from and tampered with Heather's vehicle. He also damaged the home and took more personal property from the home when he did a "walkthrough" in January 2018.

After trial, the court entered a final domestic-abuse protective order against David. In its written order, the court found "by a preponderance of the evidence" that David "committed a domestic abuse assault against" Heather and David "represents a credible threat" to Heather's physical safety. David filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2). The court denied the motion and this appeal followed.

## II. Standard of Review

Civil domestic abuse cases are equitable in nature. *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). As such, our review is de novo. Iowa R. App. P. 6.907; *Wilker*, 630 N.W.2d at 594. We "consult the record in its entirety and formulate our own opinion." *Wilker*, 630 N.W.2d at 594.

---

likely the dissolution proceeding. The parties took no action to file the exhibits introduced in the case from which appeal was taken. Consequently, they are not part of the appellate record, *see* Iowa R. App. P. 6.801, and we do not consider them in our de novo review. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded.").

**III.    Analysis**

A.    Failure to State Findings of Fact and Conclusions of Law

First, David complains the court violated Iowa Rule of Civil Procedure 1.904(1) by entering its final protective order without "any significant findings of fact or conclusions of law, other than conclusory statements that domestic abuse had occurred."  Rule 1.904(1) provides a "court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, shall find the facts in writing, separately stating its conclusions of law, and direct an appropriate judgment."  David cites our supreme court's ruling in *Conklin v. Conklin*, 586 N.W.2d 703 (Iowa 1998), to support his argument that the court failed to comply with the rule.  We agree with David that the court did not provide sufficient factual findings as to whether David committed the acts alleged by Heather as shown by the evidence, as it merely found "by a preponderance of the evidence" that David "committed a domestic abuse assault against" Heather, and David "represents a credible threat" to Heather's physical safety.  *See Conklin*, 586 N.W.2d at 705 (noting a determination of whether husband committed the acts alleged by wife would be derived from the evidence and such a determination would therefore be a finding of fact).

Regardless of the sufficiency of the court's findings or conclusions, chapter 236 domestic orders are reviewed de novo.  *Wilker*, 630 N.W.2d at 594.  Under such a review, "[w]e review the entire record and decide anew the factual and legal issues preserved and presented for review."  *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017).  Accordingly, we need not separately consider assignments of error in the trial court's findings of fact or conclusions of law but

may make such findings from our de novo review as we deem appropriate. *See Lessenger v. Lessenger*, 156 N.W.2d 845, 846 (Iowa 1968) (stating a case tried in equity is not reversed based "upon complaints as these" because we "draw such conclusions from our review as we deem proper"); *see also In re Voeltz*, 271 N.W.2d 719, 722 (Iowa 1978) ("Since this is a de novo review we need not separately consider errors made by the trial court in its findings.").

The district court made no credibility determinations in its final order of protection. While the court made credibility determinations against David in its dissolution decree and David provided the decree in the appendix on appeal, it is not included in the docket in the case from which the appeal was taken. The decree is therefore not part of the record on appeal and is not properly before us.[5] Even though we are not entitled to the benefits of the district court's credibility determinations from the dissolution decree, on our review of the testimony of the parties and the dichotomy in their allegations, the court's assessment of the parties' credibility is inherent in the decision made by the district court. *See Second Injury Fund v. Braden*, 459 N.W.2d 467, 471 (Iowa 1990) (finding failure to provide credibility determinations does not compel reversal where the determination inheres in the ruling).

We consequently reject David's claim that the district court's failure to make specific factual findings and legal conclusions constitutes reversible error.

---

[5] *See* Iowa Rs. App. P. 6.801 ("Only the original documents and exhibits *filed in the district court case from which the appeal is taken*, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal." (emphasis added)); 6.905(1)(b) (indicating contents of appendix are limited to parts of the district court record); *Keith*, 513 N.W.2d at 771 ("We are limited to the record before us and any matters outside the record on appeal are disregarded.").

B.      Hearing Deadline

Second, David argues the case should have been dismissed for failure to comply with the time deadlines contained in Iowa Code section 236.4(1), which provides: "Not less than five and not more than fifteen days after commencing a proceeding and upon notice to the other party, a hearing shall be held at which the plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence." Here, David was served on January 25, 2017. A hearing was set for January 31. Prior to the hearing, however, David moved for a continuance. The record shows both parties stipulated to a continuance to pursue settlement. The record also shows the court left it in the hands of the parties to reset the hearing pending settlement negotiations. Simply stated, David agreed to the holding of a hearing outside of the statutory timeframe. David cannot be heard on appeal to complain about a time deviation to which he agreed. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *Odegard v. Gregerson*, 12 N.W.2d 559, 562 (Iowa 1944) (same). We do not consider the argument any further.

C.      Alleged Agreement

David argues there was an agreement between the parties to dismiss their competing petitions for a protective order and to seek a civil injunction in the dissolution matter. On appeal, David seeks specific performance of the agreement.

The record shows there may have been some sort of proposed settlement agreement under which the parties would mutually dismiss their petitions for

protective orders against one another. However, lacking in the record is any concrete evidence that such an agreement was ever fully formulated or accompanied by a mutual manifestation of assent, only bare allegations by David and his counsel. When a party seeks specific performance of an alleged contract, the party requesting relief must establish the existence of the contract by "clear, satisfactory and convincing" evidence. *McCarter v. Uban*, 166 N.W.2d 910, 912 (Iowa 1969); *accord Trumm v. Iowa Nat. Heritage Found., Dubuque Bank & Tr. Co.*, No. 15-0813, 2016 WL 3272295, at *7 (Iowa Ct. App. June 15, 2016). David unquestionably failed to do so.

Further, at trial, David's counsel acknowledged that no official record concerning the parties' alleged agreement was ever made. To reach the merits of this claim based upon the materials with which we have been provided on appeal would require us to speculate as to what occurred during settlement negotiations. It was David's responsibility to provide this court with a sufficient record to decide this claim, which he has failed to do. *See Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 827 (Iowa 2007). We "may not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 689 N.W.2d 134, 135 (Iowa 2005). We also decline to simply accept David's self-serving version of the events, as it is not a sufficient substitute for a full record. *Cf. Smith*, 729 N.W.2d at 827 ("The district court's recitation of these matters in its ruling is not a substitute for the required appellate record."). Simply stated, a ruling on this issue would require judicial speculation, which we are not allowed to engage in at this juncture.

D.    Sufficiency of the Evidence

Finally, David argues the evidence was insufficient to allow for the entry of a protective order.  David points to the timing of Heather's petition, the facts that the parties "had fun" together on an occasion shortly after the July 2016 happenings and Heather continued to reside in the marital home, Heather's failure to document her allegations, and Heather's alleged motivations in pursing the protective order.  David also argues a protective order is unnecessary because he now lives in Florida.

The court may grant a chapter 236 protective order upon a finding the respondent in the matter engaged in domestic abuse.  *See* Iowa Code § 236.5(1)(b).  The party seeking protection is required "to prove the occurrence of domestic abuse by a preponderance of the evidence."  *Wilker*, 630 N.W.2d at 596; *accord* Iowa R. App. P. 6.904(3)(f).  The term "preponderance"

> means superiority in weight, influence, or force.  The evidence may preponderate, and yet leave the mind in doubt as to the very truth. In such cases the evidence does not fairly set the question at rest, but merely preponderates in favor of that side whereon the doubts have less weight.

*Walthart v. Bd. of Dirs. of Edgewood-Closeburg Cmty. Sch. Dist.*, 694 N.W.2d 740, 744 (Iowa 2005) (citation omitted).

Domestic abuse includes, among other things, assault between family members living together at the time of the assault or separated spouses not residing together at the time of the assault.  Iowa Code § 236.2(2)(a), (b).  Section 236.2 defines the term "assault" in accordance with section 708.1, which provides, "A person commits an assault when, without justification, the person" does, among other things, "[a]ny act which is intended to cause pain or injury to, or which is

intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act" or "which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act."

We conclude the evidence that we find credible establishes by a preponderance of the evidence that David engaged in domestic abuse when he choked Heather on two occasions in the summer of 2016. While Heather did not file her petition until several months after the incident, David agrees "there is no statutory provision requiring a petition be filed within a specific time after a domestic assault," as the statute merely requires "a finding that the defendant has engaged in domestic abuse." Iowa Code § 236.5(1). While we agree with David that the timing of the petition is relevant for sufficiency-of-the-evidence purposes, we do not find the delay between the assault in July and Heather's ultimate decision to petition for a protective order in December unreasonable. David had previously assaulted Heather. Given the somewhat recent assault, the animosity between the parties leading up to Heather's petition, and the recently filed dissolution-of-marriage petition, we find Heather's fear for her physical safety was reasonable. While David pleads that Heather is not in need of protection because he lives in Florida, we disagree. David has come and gone from the area many times during the proceedings.

We find the evidence sufficient to support the entry of a domestic-abuse protective order.

**IV.      Conclusion**

We affirm the district court's entry of the protective order.

**AFFIRMED.**