# IN THE COURT OF APPEALS OF IOWA

No. 19-1507
Filed August 5, 2020

**PEGGYSUE McGEE,**
        Plaintiff-Appellant,

**vs.**

**KELBY ROBERT McGEE,**
        Defendant-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

PeggySue McGee appeals the district court denial of a domestic-abuse protective order. **REVERSED AND REMANDED.**

Joseph G. Lyons of Iowa Legal Aid, Waterloo, for appellant.

Kelby Robert McGee, Evansdale, self-represented appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

PeggySue McGee appeals the denial of her request for a civil protective order pursuant to the Domestic Abuse Act, Iowa Code chapter 236 (2019).[1] We reverse and remand for further consideration by the district court.

In 2018, PeggySue and Kelby McGee were a married couple residing together. On December 24, 2018, PeggySue alleged Kelby "shoved [her] hard enough to knock [her] unconscious."

On December 26, PeggySue reported the assault to the police and criminal charges were filed. A criminal no-contact order was entered. Kelby complied with the protective order. PeggySue later filed for dissolution of marriage.

Following a jury trial on July 29 and 30, 2019, Kelby was acquitted of the criminal charge. Kelby's acquittal resulted in the cancellation of the criminal no-contact order.

After contacting counsel, on August 6, PeggySue filed a petition for relief from domestic abuse—in other words, a civil protective order. A temporary protective order was issued, and a hearing was set for August 19.

At the hearing, the judge immediately brought up the dissolution case (the judge had presided over a temporary hearing the previous week) and the criminal domestic-abuse case resulting in Kelby's acquittal. PeggySue's counsel informed the court they wished to introduce testimony and evidence not brought out during the criminal trial, including photographs and text messages.

---

[1] Kelby McGee did not file an appellate brief. The appellant is not entitled to automatic relief, however, as we "handle the matter in a manner most consonant with justice and [our] own convenience." *Bowen v. Kaplan*, 237 N.W.2d 799, 801 (Iowa 1976) (citation omitted).

The court acknowledged the burden of proof in a civil protective order is lower than the burden required for a criminal conviction. The court stated,

> And my concern is that we are engaged in a situation where the court system is being misused to play games to take advantage in the divorce case and I'm wondering if—if there is good cause to believe that we're not in court today just as an outgrowth of the [dissolution] case and as perhaps a payback, if that's the correct word, for the jury finding as it did in the criminal case.

The court had both counsel summarize what happened. Neither PeggySue nor Kelby testified.

The court again discussed the dissolution proceedings with counsel. The court noted Kelby had not been "annoying" PeggySue since December 2018 and the claim was "just much ado about nothing at this point." The court then informed PeggySue she could file a new petition if Kelby "bothers" her again. The court did not admit, discuss, or review PeggySue's proposed exhibits.

The court denied PeggySue's petition, finding there was insufficient evidence. PeggySue appeals, claiming the district court denied her the opportunity to present her evidence, erred by finding her delay in filing for the civil domestic-abuse protective order relevant, and improperly relied on the result of Kelby's criminal proceeding when dismissing her petition.

Domestic abuse proceedings are heard in equity. *See Conklin v. Conklin*, 586 N.W.2d 703, 705 (Iowa 1998). We review equity cases de novo. Iowa R. App. P. 6.907.

Iowa Code section 236.4 provides, a domestic-abuse hearing "shall be held at which the plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence." "A proceeding under this chapter shall be held

in accordance with the rules of civil procedure . . . and is in addition to any other civil or criminal remedy." Iowa Code § 236.7. A civil protective order is distinct from and provides different protections than a criminal protective order or dissolution order. *See Conklin*, 586 N.W.2d at 706 ("A defendant's filing of a petition for dissolution of marriage does not deprive the district court of jurisdiction in a domestic abuse action, nor does it relieve the trial court of the responsibility to rule on the merits of the domestic abuse petition."); *Haley v. Haley*, No. 02-0990, 2003 WL 292166, at *1 (Iowa Ct. App. Feb 12, 2003) ("Criminal charges based on the same incident as alleged in the domestic abuse petition should not result in dismissal of the petition.").

The district court had a duty to provide PeggySue an opportunity to present her exhibits and testimony to meet her burden of proof, but did not permit her to do either. The court made no findings of fact or credibility determinations for us to review. The district court relied on extraneous information from the criminal and dissolution proceedings not presented in the chapter 236 hearing and did not take judicial notice of either case.

We reverse the dismissal of PeggySue's petition and remand for further proceedings before a different judge.

**REVERSED AND REMANDED.**